Luanne Sacks (SBN 120811)
lsacks@srclaw.com
Michele Floyd (SBN 163031)
mfloyd@srclaw.com
Robert B. Bader (SBN 233165)
rbader@srclaw.com
SACKS, RICKETTS & CASE LLP
177 Post Street, Suite 650
San Francisco, CA 94108
Telephone: 415-549-0580
Facsimile: 415-549-0640

Attorneys for Defendant
ASUS COMPUTER INTERNATIONAL,
incorrectly sued as ASUS Computer International
(North America), Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CARLOTTI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASUS COMPUTER INTERNATIONAL (NORTH AMERICA), INC., ASUSTEK COMPUTER INC., and DOES 1 TO 50,<br><br>Defendants. | CASE NO.<br><br>[Alameda County Superior Court Case No. RG18903641]<br><br>**DEFENDANT ASUS COMPUTER INTERNATIONAL'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1332(D) (CLASS ACTION FAIRNESS ACT)** |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT, THE PARTIES, AND ALL ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1367, 1441(a), 1446, and 1453, Defendant ASUS Computer International, incorrectly sued as ASUS Computer International (North America) Inc., ("ACI") hereby removes to this Court the state court action described below, pending as case number RG18903641 in the Superior Court of California, Alameda County ("State Court Action"). The following statement is submitted pursuant to 28 U.S.C. § 1446(a):

## I.   FACTUAL BACKGROUND

1. On or about May 4, 2018, Plaintiff Joseph Carlotti ("Plaintiff") filed a class action complaint ("Complaint") and thereby commenced the State Court Action in the Superior Court of the State of California for Alameda County, entitled *Joseph Carlotti v. ASUS Computer International (North America), Inc., et al*. ACI was served with the Complaint on May 8, 2018. ACI is informed and believes that Defendant ASUSTeK Computer Inc. ("ASUSTeK") has not been served with the Complaint. As required by 28 U.S.C. § 1446(a), a copy of the docket and all process, pleadings, and orders served upon ACI with respect to the State Court Action are attached hereto as **Exhibits A** and **B**.

2. The allegations of the Complaint, attached hereto as **Exhibit A**, are incorporated by reference as though set forth fully herein without admitting to any of them.[1] The Complaint is styled as a nationwide class action complaint pursuant to California Code of Civil Procedure section 382, the state statute authorizing an action to be brought by one or more representative persons as a class action. **Exhibit A** (Complaint), ¶ 83, Prayer for Relief.

3. Plaintiff alleges that he purchased an ACI ROG Strix GL502VS model laptop that suffered what he terms a "Power Defect," defined in the Complaint as an alleged defect that causes: "(1) the Laptops' battery to drain during use, even when the Laptop is connected to an electrical outlet; (2) significant reductions in computational performance when low on battery power, or when the battery is removed even if the Laptop is connected to an electrical outlet; and (3) accelerated degradation of the Laptops' batteries." **Exhibit A** (Complaint), ¶ 2.

4. Plaintiff further alleges that the Power Defect was a "uniform[] defect" that existed in two ACI laptop models: the ROG Strix GL502VSK model that he purchased and the ROG Strix GL502VS model (collectively the "Laptops"). **Exhibit A** (Complaint), ¶¶ 1, 53.

5. Plaintiff further alleges that defendants misrepresented the nature of the Laptops' cooling systems in their advertising materials and that the Laptops were prone to overheating.

---

[1] This Notice of Removal is based on the allegations of the Complaint, as is required for purposes of analyzing removability. ACI believes that the allegations are without merit, and will dispute them at an appropriate time.

-2-

**Exhibit A** (Complaint), ¶ 6.

6. Based on these basic facts, the Complaint alleges nine causes of action: (1) Breach of Express Warranty (Count One); (2) Breach of the Implied Warranty of Merchantability (Count Two); (3) Violations of the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301, *et seq.*) (Count Three); (4) Deceit and Fraudulent Concealment (Count Four); (5) Unjust Enrichment (Count Five); (6) Violations of the Consumer Legal Remedies Act (California Civil Code §§ 1750, *et seq.*) (Count Six); (7) Violations of the False Advertising Law (California Business and Professions Code §§ 17500, *et seq.*) (Count Seven); (8) Violations of the Song-Beverly Consumer Warranty Act (California Civil Code §§ 1790, *et seq.*) (Count Eight); and (9) Violations of the Unfair, Unlawful and Deceptive Trade Practices Act (Business and Professions Code §§ 17200, *et seq.*) (Count Nine).[2] *See generally* **Exhibit A** (Complaint), ¶¶ 93-203.

7. Plaintiff alleges that he is a resident of Rocklin, California. **Exhibit A** (Complaint), ¶ 13.

8. ACI is a California corporation, with its principal place of business in Fremont, California. *See* Declaration of Gabriel Meng ("Meng Decl."), ¶ 3, attached hereto as **Exhibit D** and incorporated herein by this reference; **Exhibit A** (Complaint), ¶ 14.

9. Plaintiff alleges that defendant ASUSTeK is a Taiwanese corporation headquartered in Taipei, Taiwan. **Exhibit A** (Complaint), ¶ 15.

10. Aside from the documents contained within **Exhibits A** and **B**, ACI has not been served with any other process, pleadings, or orders in the State Court Action.

11. Aside from a Case Management Conference scheduled for September 18, 2018, there are no other upcoming proceedings scheduled in the State Court Action.

**II.   GROUNDS FOR FEDERAL JURISDICTION AND REMOVAL**

12. A defendant may remove any civil action that is brought in a state court over which the United States district courts have original jurisdiction. *See* 28 U.S.C. § 1441(a).

---

[2] The Complaint erroneously lists two "seventh" causes of action. The "Counts" denoted in this Notice reflect the accurate number of causes of action and list the causes of action in the order in which they appear.

13. Pursuant to 28 U.S.C. section 1332, as amended by the Class Action Fairness Act ("CAFA"), original federal jurisdiction extends over putative class actions commenced after February 18, 2005—the effective date of CAFA—where: (1) the proposed class consists of more than 100 members in the aggregate; (2) any member of the proposed class is a citizen of a state different from any defendant (*i.e.*, where minimal diversity exists); and (3) the amount in controversy is $5 million or more, aggregating all claims, and exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1332(d)(6).

14. While there are a number of exceptions to this rule of original jurisdiction contained in 28 U.S.C. section 1332(d)(3)-(5), (9), none of those exceptions are applicable here.

15. CAFA applies to the State Court Action because the State Court Action was commenced on or around May 4, 2018, after CAFA's February 18, 2005 effective date. *See* Notes to 28 U.S.C. §§ 1332, 1453 ("The Amendments made by this Act shall apply to any civil action commenced on or after the date of enactment by this Act [February 18, 2005]"), citing Pub. L. 109-2, §9, 119 Stat. 14. In addition, the State Court Action is a "class action" within the meaning of CAFA because it is a "civil action filed under" California Code of Civil Procedure section 382 (**Exhibit A** (Complaint), ¶ 83, Prayer for Relief), which is a "rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *See* 28 U.S.C. § 1332(d)(1)(B) ("the term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action"); *see also* 28 U.S.C. § 1453(a) (stating that as it applies to removal of class actions, the term "'class action' … shall have the meaning[] … under section 1332(d)(1)"). Based on the facts as alleged, there is no question that there are more than 100 members of the putative class, that minimal diversity between the class and Defendants exists and that the $5,000,000 jurisdictional minimum is satisfied such that removal of the State Court Action to this Court is proper.

**A.   Class Numerosity**

16. Plaintiff alleges a class consisting of "[a]ll persons in the United States who

purchased one or more ASUS GL502VS or GL502VSK laptops." **Exhibit A** (Complaint), ¶ 83. Plaintiff further alleges that "[t]he Proposed Classes consist of thousands of owners of Laptops, making joinder of each Proposed Class member impracticable." **Exhibit A** (Complaint), ¶ 87. Plaintiff therefore alleges that the number of putative class members exceeds 100. And, in fact, ACI's regularly maintained business records confirm that ACI sold 23,196 Laptops during the four year period preceding the filing of the Complaint. *See* **Exhibit D** (Meng Decl.), ¶ 5. Accordingly, based on both the allegations of the Complaint and ACI's regularly maintained business records, the putative class as defined in the Complaint consists of more than 100 members and CAFA's numerosity requirement is satisfied.

### B. Minimal Diversity

17. In addition, CAFA's requirement for minimal diversity, set forth in 28 U.S.C. sections 1332(d)(2) and (d)(7), must be present. CAFA requires only that at least one named plaintiff or putative class member be diverse from at least one of the named defendants based upon the citizenship of the defendants. 28 U.S.C. §§ 1332 (d)(1)(D); 1332(d)(2)(A). Plaintiff brings his claims on behalf of "all persons in the United States who purchased one or more ASUS . . . Laptops." **Exhibit A** (Complaint), ¶ 83. Plaintiff purports to represent a nationwide class which thus includes class members residing in all fifty states. And, ACI in fact sells the Laptops nationwide. *See* **Exhibit D** (Meng Decl.), ¶ 4. CAFA's minimal diversity requirement is satisfied because Plaintiff alleges that he and ACI are California residents, that unserved defendant ASUSTeK is a resident of Taiwan and that the putative class members are residents of all fifty states. **Exhibit A** (Complaint), ¶¶ 14, 15, 83. Accordingly, at least one defendant is a citizen of a state that is different from at least one member of the putative class. *See Swearingen v. Yucatan Foods, L.P.*, 24 F. Supp. 3d 889, 895 (N.D. Cal. 2014), *on reconsideration*, 59 F. Supp. 3d 961 (N.D. Cal. 2014) (finding minimal diversity requirement satisfied because claims were asserted on behalf of a "proposed class of consumers throughout the United States").

### C. Amount in Controversy

18. The ultimate inquiry is what amount is put "in controversy" by the complaint, not what a defendant will actually owe. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th

-5-

1   Cir. 2010) (holding that the amount in controversy is "simply an estimate of the total amount in
2   dispute, not a prospective assessment of defendant's liability" or "proof of the amount the
3   plaintiff will recover."); *Ray v. Wells Fargo Bank, N.A.*, No. CV 11-1477 AHM (JCx), 2011 WL
4   1790123, at *5 (C.D. Cal. May 9, 2011) (citing *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp.
5   2d 1199, 1204-05 (E.D. Cal. 2008)); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117
6   (9th Cir. 2004) ("The parties need not predict the trier of fact's eventual award with one hundred
7   percent accuracy."). "'No antiremoval presumption attends cases invoking CAFA' because
8   'Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court.'"
9   *Adams v. Toys 'R' Us - Delaware, Inc.*, No. 14-CV-05550-MEJ, 2015 WL 395214, at *2 (N.D.
10  Cal. Jan. 29, 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, --- U.S. ---, 135
11  S. Ct. 547, 554 (2014)).

12  19.   "[A] defendant's notice of removal need only include a plausible allegation that
13  the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554 (2014).
14  In measuring the "amount in controversy," the court assumes that Plaintiff will prevail on each
15  cause of action alleged in the complaint. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413,
16  414-15 (9th Cir. 2018) ("the amount in controversy . . . encompasses all relief a court may grant
17  on that complaint if the plaintiff is victorious"). Evidence of the amount in controversy is
18  required only when the plaintiff contests, or the court questions, the defendant's allegation.
19  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). In that circumstance, "[t]he
20  parties may submit evidence outside the complaint, including affidavits or declarations, or other
21  summary-judgment-type evidence relevant to the amount in controversy at the time of removal."
22  *Ibarra*, 775 F.3d at 1198.

23  20.   Courts routinely accept as sufficient declarations providing adequate evidence in
24  support of a defendant's allegation that the amount in controversy is met. *See, e.g.*, *Watkins v.*
25  *Vital Pharm., Inc.*, 720 F.3d 1179, 1181 (9th Cir. 2013) (defendant's uncontroverted declaration
26  that sales of the product in dispute exceeded $5 million per year was sufficient to establish the
27  CAFA threshold); *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014) (holding
28  declarations were sufficient to establish amount in controversy exceeded $5 million). Based on

-6-

the allegations of the Complaint and the information contained in ACI's regularly maintained business records, CAFA's amount in controversy requirement is met. Plaintiff does not allege a specific amount in controversy in the Complaint. A defendant, however, is entitled to rely upon a reasonable chain of reasoning and assumptions based on the allegations of the complaint to establish the amount in controversy. *See LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015).

21. Plaintiff alleges that the Laptops suffered a defect in the "normal operation of the" Laptops that could not be fixed, thereby making the Laptops "unfit for ordinary use." **Exhibit A** (Complaint), ¶¶ 40, 43, 54, 57. Plaintiff further alleges that had he and the putative nationwide class known about the alleged defect, he and the class either would have paid significantly less for the Laptops or would not have purchased them at all. **Exhibit A** (Complaint), ¶¶ 112, 119, 153. Plaintiff seeks, alternatively: (1) the return of all payments made by class members to defendants (**Exhibit A** (Complaint), ¶ 141); (2) the difference between the price they paid for the Laptops and the price they would have paid had they known about the defect, which is presumably a full refund because Plaintiff alleges that he and the class would not have purchased the Laptops had they known about the defect, (*id.*, ¶ 153); or (3) the "replacement costs," which, fairly interpreted, is the cost of replacement Laptop (*id.*, ¶ 112).

22. Defendant ACI sold 23,196 Laptops during the four year period preceding the filing of the Complaint, of which 12,758 were model GL502VS laptops and 10,438 were model GL502VSK laptops. *See* **Exhibit D** (Meng Decl.), ¶ 5. Plaintiff alleges that the "starting" sales price for the Laptops was $1,600. **Exhibit A** (Complaint), ¶ 45; *see also* **Exhibit D** (Meng Decl.), ¶ 5 (stating manufacturer's suggested retail price was approximately $1,700 and online price to consumers was $1,699). Accordingly, the allegations of the Complaint fairly put the purchase price of the Laptops, or more than approximately $37,000,000, in controversy. CAFA's amount in controversy requirement is satisfied. *See Stern v. RMG Sunset, Inc.*, No. 17-CV-1646 JLS (NLS), 2018 WL 2296787, at *3-6 (C.D. Cal. May 21, 2018) (finding amount in controversy satisfied because allegation that plaintiff would not have purchased the meal in question had he known about an undisclosed service fee put full cost of meal in controversy).

### III. COMPLIANCE WITH REMOVAL STATUTE

23. **Removal to Proper Court**. Assignment to this Court is proper because it is part of the "district and division" embracing the place where the State Court Action was filed – Superior Court, Alameda County. *See* 28 U.S.C. § 1446(a).

24. **Removal is Timely**. This Notice of Removal is timely under 28 U.S.C. section 1446(b)(3) because it is being filed within thirty (30) days of ACI's receipt of Plaintiff's Complaint through service of process or otherwise, which occurred on May 8, 2018.

25. **Pleadings and Process**. Pursuant to 28 U.S.C. section 1446(a), attached hereto as **Exhibits A** and **B** is a copy of the docket and all process, pleadings, and orders served on Defendants in the State Court Action.

26. **Filing and Service**. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff in the State Court Action and a copy, along with a Notice of Filing of Notice of Removal, is being filed with the Clerk of the Superior Court of California, Alameda County. A copy of said Notice of Filing of Notice of Removal (without exhibits) is attached hereto as **Exhibit C**.

27. **Other Defendants**. Consent to removal is not required with respect to removal under CAFA. *See* 28 U.S.C. § 1453(b). The Doe defendants are disregarded for the purposes of removal. *See* 28 U.S.C. §§ 1441(b), 1446(b)(2)(A).

28. **Proper Signature**. Counsel for ACI hereby certifies, pursuant to 28 U.S.C. section 1446(a), that this Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

29. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. section 1332(d), and the claims may be removed to this Court under 28 U.S.C. section 1441(a).

### IV. REQUEST FOR ADDITIONAL ARGUMENTS AND EVIDENCE, IF NECESSARY

30. In the event that Plaintiff files a request to remand, or the Court considers remand *sua sponte*, ACI respectfully requests the opportunity to submit additional argument or

evidence in support of removal.

WHEREFORE, this action should proceed in the United States District Court for the Northern District of California, as an action properly removed thereto.

Dated: June 7, 2018

Respectfully submitted,

By: /s/ Robert B. Bader
    LUANNE SACKS
    MICHELE FLOYD
    ROBERT B. BADER
    SACKS, RICKETTS & CASE LLP

    Attorneys for Defendant
    ASUS COMPUTER INTERNATIONAL, incorrectly sued as ASUS Computer International (North America), Inc.

-9-

NOTICE OF REMOVAL OF CIVIL ACTION