# Exhibit 1

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement is entered into this ___th day of June, 2019, between Plaintiff, individually and on behalf of the Class he seeks to represent, on the one hand, and Defendants, on the other hand, subject to both the terms and conditions hereof and the approval of the Court.

## I.     RECITALS

1.1.    On May 4, 2018, Plaintiff through his counsel Gutride Safier LLP and Migliaccio & Rathod LLP filed a Class Action Complaint in Alameda County Superior Court against Defendants alleging claims for violations of the California Consumer Legal Remedies Act, Civil Code § 1750, *et seq.*; the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, *et seq.*; the Song-Beverly Consumer Warranty Act, California Civil Code § 1790, *et seq.*; false advertising under California Business and Professions Code § 17500, *et seq.*; and unfair business practices under California Business and Professions Code § 17200 *et seq.*; breach of express warranty; breach of implied warranty of merchantability; deceit and fraudulent concealment; and unjust enrichment, and seeking damages, an injunction and other relief. Plaintiff sought to pursue these claims on behalf of himself and all purchasers of the Laptops in the United States.

1.2.    On June 7, 2018, Defendant ASUS Computer International ("ACI") timely removed the Litigation to the United States District Court for the Northern District of California and answered the Complaint, denying Plaintiff's allegations and asserting several affirmative defenses. The Litigation was assigned to the Honorable Magistrate Donna Ryu.

1.3.    On February 27, 2019, Plaintiff served the Complaint on ASUSTeK Computer Inc. ("ASUSTeK").

1.4.     Plaintiff alleges in the Complaint that Defendants marketed the Laptops as powerful, portable machines ideal for gaming and video editing and represented that the Laptops' independent cooling system "maximizes cooling efficiency" to give the Laptops "stability required for intense gaming sessions." Plaintiff further alleges that the Laptops are not suitable for their ordinary and advertised purpose of gaming and video editing because they uniformly suffer from a defect that causes the Laptops' batteries to drain even when the Laptops are connected to, and drawing power from, electrical outlets. Plaintiff also alleges that contrary to Defendants' marketing representations, the Laptops' cooling system uses a unitary set of heatsinks to dissipate heat from the graphics processing unit ("GPU") and computational processing unit ("CPU"). Plaintiff alleges that heat generated by computationally or graphically demanding programs overloads the unitary cooling system's ability to dissipate heat from the CPU and GPU and causes the Laptop to overheat to the point of causing physical discomfort and/or diminishing the Laptops' performance and durability. Plaintiff additionally alleges that Defendants failed to honor their warranties for the Laptops because Defendants responded to requests for warranty repairs by replacing the Laptops' defective components with identical and equally defective components.

1.5.     Plaintiff's Counsel and Defendants' Counsel conducted a thorough examination and investigation of the facts and law relating to the matters in the Litigation. Such investigation and discovery included the retention and consultation of an electrical engineering expert by Plaintiff's Counsel, requesting and receiving written discovery responses by Plaintiff from ACI, Plaintiff examining Defendants' documents, Plaintiff questioning Defendants about their documents, and Defendants deposing Plaintiff.

1.6.     On March 19, 2019, the Parties participated in an all-day mediation conducted by Martin Quinn, Esq. at JAMS in San Francisco, California. That mediation resulted in

a term sheet and the settlement memorialized in this Agreement. This Agreement was arrived at after extensive arm's length negotiations conducted in good faith by counsel for the Parties, and is supported by Plaintiff. The Parties did not discuss or negotiate Attorneys' Fees and Costs until after relief had been fashioned for the Settlement Class.

    1.7. Defendants deny all of Plaintiff's Allegations and charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants also deny that Plaintiff, the Class, any Class Members, the Settlement Class, or any Settlement Class Member have suffered damage or harm by reason of any alleged conduct, statement, act or omission of Defendants. Defendants further deny that the Litigation meets the requisites for certification as a class action under Rule 23 of the Federal Rules of Civil Procedure, except for purposes of settlement, or that the evidence is sufficient to support a finding of liability on any of Plaintiff's claims in the Litigation.

    1.8. Plaintiff's Counsel has analyzed and evaluated the merits of the Parties' contentions and this Settlement as it impacts all the Parties and the Class Members. Among the risks of continued litigation for Plaintiff are the risks of failing to prove liability or restitution and damages on a class-wide or individual basis. In particular, there may be difficulties establishing: (1) that all the Laptops uniformly experienced the Power Defect and Overheating Issues, (2) that Defendants' marketing materials were likely to deceive reasonable consumers, (3) that omissions in the marketing materials were material to reasonable consumers, (4) the amount of damages or restitution due to the class or to any class member, and (5) that common questions predominate over individual issues such that a class may be certified. Plaintiff and Plaintiff's Counsel, after taking into account the foregoing along with other risks and the costs of further litigation, are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate and

equitable, and that a settlement of the Litigation and the prompt provision of effective relief to the Class are in the best interest of the Class Members.

1.9.    Defendants agree that the Settlement is fair and reasonable in light of the merits and risks of the case. While continuing to deny all allegations of wrongdoing and disclaiming any liability with respect to any and all claims, Defendants consider it desirable to resolve the Litigation on the terms stated herein, in order to avoid further burden, expense, uncertainty, inconvenience, and interference with its ongoing business operations in defending the Litigation and put to rest the Released Claims. Therefore, Defendants and Defendants' Counsel have determined that settlement of this Litigation on the terms set forth herein is in Defendants' best interests.

1.10.    This Agreement reflects a compromise between the Parties, and shall in no event be construed as or be deemed an admission or concession by any Party of the truth of any allegation or the validity of any purported claim or defense asserted in any of the pleadings in the Litigation, or of any fault on the part of Defendants, and all such Allegations are expressly denied. Nothing in this Agreement shall constitute an admission of liability or be used as evidence of liability, by or against any Party hereto.

1.11.    The undersigned Parties agree, subject to approval by the Court, that the Litigation between Plaintiff, on the one hand, and Defendants, on the other hand, shall be fully and finally compromised, settled and released on the terms and conditions set forth in this Agreement.

NOW, THEREFORE, in consideration of the covenants and agreements set forth herein, and of the releases and dismissals of claims described below, the Parties agree to this Settlement, subject to Court approval, under the following terms and conditions.

## II.     DEFINITIONS

A.     Capitalized terms in this Agreement shall be defined as follows:

2.1.     "Administration Costs" means the actual and direct costs reasonably charged by the Claim Administrator for its services as provided for in this Agreement or as otherwise agreed to by the Parties and the Claim Administrator or as ordered by the Court.

2.2.     "Agreement" means this Class Action Settlement Agreement, including all exhibits thereto.

2.3.     "Allegations" means the allegations described in Sections 1.1 and 1.4 above and claims that could be pursued under the laws of the United States or any state on the basis of one or more of those allegations.

2.4.     "Attorneys' Fees and Expenses" means such funds as may be awarded by the Court based on the Settlement described herein to compensate Plaintiff's Counsel as determined by the Court and described more particularly in Section 8 of this Agreement. Any such award will also include a reimbursement of costs and expenses incurred by Plaintiff's Counsel, arising from their representation in the Litigation, as determined and awarded by the Court. In no event shall the Attorneys' Fees and Expenses exceed Seven Hundred Eighty Seven Thousand Five Hundred Dollars ($787,500.00).

2.5.      "Cash Payment" means a check, which shall be made payable and delivered to a Claimant, as required by this Agreement.

2.6.     "Claim" means a request for relief pursuant to this Settlement submitted on a Claim Form by a Class Member to the Claim Administrator in accordance with the terms of this Settlement.

2.7.    "Claimant" means a Class Member who submits a Claim seeking a Settlement Benefit under this Agreement.

2.8.    "Claim Administrator" means the independent third-party administrator to be retained by Defendants to provide services in the administration of this Settlement, including providing Class Notice to the Class Members, the processing and evaluation of Claims, and the processing of other documents or tasks as provided for in this Agreement or as otherwise agreed to by the Parties or as ordered by the Court.

2.9.    "Claim Filing Deadline" means sixty (60) days after the Notice Date.

2.10.    "Claim Form" means a claim form in substantially the same form as Exhibit A.

2.11.    "Claim Period" means the period beginning on the Notice Date and continuing until the Claim Filing Deadline.

2.12.    "Class" or "Class Members" means all persons in the United States who purchased a new ASUS Rog Strix GL502VS or ASUS Rog Strix GL502VSK laptop computer from Defendants or an authorized retailer of Defendants between May 4, 2014 and the date Preliminary Approval is entered. Excluded from the Class are (a) the Honorable Magistrate Donna Ryu and any member of her immediate family; (b) any government entity; (c) Martin Quinn and any member of his immediate family; (d) Defendants; (e) any entity in which Defendants have a controlling interest; (f) any of Defendants' parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; (g) any person whose purchase of a Laptop was for resale purposes; (h) any person who timely opts out of the Settlement; (i) any person who received a full refund of a Laptop's entire purchase price from ASUS or a retailer in connection with the Power Defect, Overheating Issue, or heat-related issues alleged in the Lawsuit; (j) any

6

person who received a replacement Laptop that did not suffer from the Power Defect or

Overheating Issue; and (k) any person who signed a release regarding their Laptop.

2.13.    "Class Notice" means all types of notice that will be provided to Class

Members pursuant to Federal Rule of Civil Procedure 23(c)(2) and 23(e), the Preliminary

Approval Order, and this Agreement, including Email Notice, Postcard Notice, Long Form Notice,

Published Notice, Online Notice, the Settlement Website, and any additional notice the Court may

order.

2.14.    "Class Period" means the period between May 4, 2014 and the date

Preliminary Approval is entered.

2.15.    "Class Representative" means Plaintiff Joseph Carlotti.

2.16.    "Court" means the United States District Court for the Northern District of

California.

2.17.    "Credit Certificate" means a certificate that a Class Member who submits a

timely and proper Claim can elect to receive via email from the Claim Administrator that can be

redeemed towards the purchase of any one or more products at https://store.asus.com/us, not

including shipping costs or taxes, consistent with the terms and conditions of this Agreement.

Credit Certificates are fully transferrable and are stackable, meaning that more than one Credit

Certificate may be used towards any purchase. No minimum purchase is required to redeem a

Credit Certificate. If the total amount of the purchase (before shipping and taxes) is less than the

amount of the Credit Certificate(s) redeemed during the purchase transaction, the Credit

Certificates shall have no residual value. The Credit Certificate shall be capable of being combined

with any other credit, voucher, coupon, sale, or other discount of any kind and shall expire no less

than two (2) years after issuance. Credit Certificates have no cash value and cannot be used for any purpose other than as stated in this Agreement.

2.18.   "Defendants" means ACI and ASUSTeK, collectively.

2.19.   "Defendants' Counsel" means the law firm of Sacks, Ricketts & Case LLP.

2.20.   "Defendants' Website" means all digital content and webpages hosted by Defendants at the domain name, https://www.asus.com.

2.21.   "Effective Date" means the latest of the following: (a) thirty-one (31) days after the entry of the Final Approval Order and Judgment if no objections are filed or if objections are filed and overruled and no appeal is taken from the Final Approval Order and Judgment; or (2) if a timely appeal is made, three (3) business days after the date of the final resolution of that appeal (i.e., the issuance of remittitur) and any subsequent appeals or petitions for certiorari from Final Approval of the Settlement.

2.22.   "Email Notice" means a notice by email in substantially the same form as Exhibit B2.

2.23.   "Extended Warranty" means the warranty extension as further described in Section 5 of this Agreement.

2.24.   "Final Approval Hearing" means the final hearing to be conducted by the Court on such date as the Court may order to determine the fairness, adequacy, and reasonableness of the Settlement in accordance with applicable jurisprudence, to be held after notice has been provided to Class Members in accordance with this Settlement, and where the Court will: (a) determine whether to grant Final Approval to the Settlement and enter the Final Approval Order and Judgment; (b) determine whether to approve an Incentive Award and in what amount; (c) rule

on Plaintiff's Counsel's application for Attorneys' Fees and Expenses; and (d) consider the merits of any objections to this Agreement and/or any aspect of the Settlement itself.

2.25.    "Final Approval" or "Final Approval Order" means an order, substantially in the form of Exhibit D, granting final approval of this Settlement as binding upon the Parties.

2.26.    "Group A Valid Claim" means a claim in compliance with Section 6.1(a) of this Agreement.

2.27.    "Group B Valid Claim" means a claim in compliance with Section 6.1(b) of this Agreement.

2.28.    "Group C Valid Claim" means a claim in compliance with Section 6.1(c) of this Agreement.

2.29.    "Incentive Award" means any award sought by application to and approval by the Court that is payable to Plaintiff to compensate him for his efforts in bringing this Litigation and/or achieving the benefits of this settlement on behalf of the Settlement Class, as further discussed in Section 8. In no event shall the Incentive Award exceed Five Thousand Dollars ($5,000.00).

2.30.    "Judgment" means the final judgment dismissing the Litigation against Defendants with prejudice.

2.31.    "Laptop" and "Laptops" means the ASUS Rog Strix GL502VS and the ASUS Rog Strix GL502VSK laptop computers at issue in the Litigation.

2.32.    "Laptop Proof of Purchase" means a receipt or other documentation from any Defendant or a third-party commercial source that reasonably establishes the fact and date of purchase of a Laptop by a Class Member during the Class Period in the United States.

2.33.    "Litigation" means *Carlotti v. Asus Computer International Inc., et al.*, United States District Court for the Northern District of California, Case No. 4:18-cv-03369-DMR.

2.34.    "Long Form Notice" means a notice in substantially the same form as Exhibit B1 that the Claim Administrator shall make available on the Settlement Website.

2.35.    "Notice Date" means the day on which the Claim Administrator initiates the Notice Plan, which shall be no later than forty-five (45) days following provision of the information required under Section 7.2 by Defendants to the Claim Administrator.

2.36.    "Notice Plan" means the procedure for providing notice to the Settlement Class, as set forth in Section 7.

2.37.     "Objection/Exclusion Deadline" means the deadline by which Class Members must submit objections to the Settlement or requests to be excluded from the Settlement, subject to the terms set forth in the Preliminary Approval Order, which is the date sixty (60) days after the Notice Date or such date otherwise ordered by the Court.

2.38.    "Online Notice" means notice to Class Members in substantially the same form as Exhibit B3.

2.39.    "Overheating Issue" refers to Plaintiff's allegations in the Litigation that the Laptops produce excessive heat such that the Laptop becomes hot to the touch during use.

2.40.    "Parties" means the Class Representative and Defendants, collectively.

2.41.    "Party" means either the Class Representative or Defendants.

2.42.    "Plaintiff" means Joseph Carlotti.

2.43.    "Plaintiff's Counsel," "Class Counsel" or "Settlement Class Counsel" mean the law firms of Gutride Safier LLP and Migliaccio & Rathod LLP who are counsel for the Class Representative and who seek to be appointed as counsel for the Class Members in this Litigation.

2.44.    "Power Defect" refers to Plaintiff's allegations in the Litigation that the Laptops' power supply unit does not provide sufficient power to the Laptops such that the Laptops' batteries drain during use even when the Laptops are plugged into electric outlets; the Laptops experience reductions in computational performance when they are low on battery power or when the battery is removed, even when the Laptops are connected to an electrical outlet; and that there is accelerated degradation of the Laptops' batteries.

2.45.    "Postcard Notice" means a notice substantially in the form of Exhibit B5.

2.46.    "Preliminary Approval" or "Preliminary Approval Order" means an order entered by the Court, substantially in the form of Exhibit C, preliminarily approving the terms and conditions of this Agreement and the Settlement.

2.47.    "Published Notice" means the public notice of this Settlement that is contemplated by this Agreement, substantially in the form of Exhibit B4.

2.48.    "Qualifying Repairs" means repairs to and/or replacement of the motherboard and/or AC power adaptors to resolve the Power Defect.

2.49.    "Released Claims" include each Settlement Class Member's release of Defendants and the Released Parties from any and all injuries, demands, losses, damages, costs, loss of service, expenses, compensation, claims, suits, causes of action, obligations, rights, liens, and liabilities of any nature, type, or description, whether known or unknown, contingent or vested, in law or in equity, based on direct or vicarious liability, and regardless of legal theory, that: (a) relate to, are based on, concern, or arise out of the Allegations; (b) were asserted or could

11

have been asserted (whether individually or on a class-wide basis) in the Litigation or any other action or proceeding relating to the Power Defect and/or Overheating Issue and/or the labeling, marketing, advertising, sale, or servicing of the Laptops arising out of relating in any way to the Allegations that was brought or could have been brought on or prior to the date hereof including, but not limited to, claims that Defendants engaged in unfair and/or deceptive business practices and/or violated applicable consumer protection statutes or other common laws or statutes of all fifty (50) states and the United States; (c) for breach of contract and breach of the covenant of good faith and fair dealing arising out of relating in any way to the Allegations; (d) for breach of express warranty and breach of implied warranty arising out of relating in any way to the Allegations; and/or, without limiting the foregoing, (e) are based, in any way, on which the facts and claims asserted in the Litigation are based upon and depend upon. The Released Claims shall not release any Settlement Class Member's claims for personal injury allegedly arising out of use of the Laptops or rights to enforce this Agreement. The Released Claims shall be accorded the broadest preclusive scope and effect permitted by law against the Settlement Class Members and this definition of Released Claims is a material term of this Agreement.

        2.50.   "Released Parties" include Defendants and each of their respective current and former parent companies, subsidiaries, divisions, and current and former affiliated individuals and entities, legal successors, predecessors (including companies they have acquired, purchased, or absorbed), assigns, joint ventures, and each and all of their respective officers, partners, directors, owners, stockholders, servants, agents, shareholders, members, managers, principals, investment advisors, consultants, employees, representatives, attorneys, accountants, lenders, underwriters, benefits administrators, investors, funds, and insurers, past, present and future, and all persons acting under, by, through, or in concert with any of them.

2.51.    "Serial Number" means the serial number of the Laptop; the following webpage on Defendants' Website provides information about how to determine the Laptop's Serial Number: https://www.asus.com/us/support/article/566/.

2.52.    "Settlement" means the terms and conditions of this Agreement.

2.53.    "Settlement Benefit" means a Credit Certificate or Cash Payment, as further described in Section 6 of this Agreement.

2.54.    "Settlement Class" or "Settlement Class Members" means all Class Members excepting persons who properly excluded themselves from the Settlement pursuant to the terms of this Agreement and the Preliminary Approval Order.

2.55.    "Settlement Fund" means the total of (a) Administration Costs, in an amount not to exceed $200,000.00; (b) any Incentive Award the Court approves to be paid to Plaintiff, in an amount not to exceed $5,000.00; (c) any Attorneys' Fees and Expenses the Court approves to be paid to Class Counsel, in an amount not to exceed $787,500.00; and (d) the total of Cash Payments to be made to Settlement Class Members who submit a Valid Claim for Cash Payments.

2.56.    "Settlement Website" means an internet website created and maintained by the Claim Administrator consistent with the entry of the Preliminary Approval Order to provide information regarding the Settlement and where Class Members can obtain information concerning requesting exclusion from or objecting to the Settlement and/or can submit a Claim. The URL of the Settlement Website shall be agreed to by the Parties.

2.57.    "Valid Claim" means Group A Valid Claims, Group B Valid Claims, and Group C Valid Claims.

B.      Conventions. All personal pronouns used in this Agreement, whether used in the masculine, feminine, or neuter gender, shall include all other genders and the singular shall include the plural and vice versa except where expressly provided to the contrary. All references herein to sections, paragraphs, and exhibits refer to sections, paragraphs, and exhibits of and to this Agreement, unless otherwise expressly stated in the reference. The headings and captions contained in this Agreement are inserted only as a matter of convenience and in no way define, limit, extend, or describe the scope of this Agreement or the intent of any provision thereof.

## III.  CONSIDERATION FROM DEFENDANTS

3.1.    In full, complete and final settlement and satisfaction of the Litigation, and all Released Claims, and subject always to all of the terms, conditions and provisions of this Agreement, including Court approval, Defendants agree to provide the following consideration:

(a)      Within ten (10) days after the Effective Date, Defendants shall fund the Settlement Fund. The Settlement Fund shall be established by the Claim Administrator as a Qualified Settlement Fund pursuant to Section 468B(g) of the Internal Revenue Code, and all regulations promulgated thereunder for the purpose of administering the Settlement.

(b)      In the event the Settlement is cancelled pursuant to this Agreement, the Court denies Final Approval, or an appeal leaves the Settlement unenforceable, the Parties shall be returned to the same postions as existed ar the time of this Agreement, and all funds in the Settlement Fund provided for in this Section shall be returned to Defendants, with the exception of amounts paid or owing to the Claim Administrator for Administration Costs actually incurred for services already performed.

## IV.   CONDITIONAL CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

4.1.    The Parties reached this Agreement before Plaintiff filed a motion for class certification. Accordingly, Plaintiff shall include a request for conditional certification as part of his motion for Preliminary Approval that seeks certification of the Class for settlement purposes only.

4.2.    As a material part of this Settlement, Defendants, while reserving all defenses if this Agreement is not finally approved, hereby stipulate and consent, solely for purposes of and in consideration of the Settlement, to provisional certification of the Class. Defendants' stipulation and consent to class certification is expressly conditioned upon the entry of a Preliminary Approval Order, a Final Approval Order and Judgment, and as otherwise set forth in this Agreement. As part of their provisional stipulation, Defendants further consent to the appointment of Class Counsel and the Class Representative to represent the Class. The provisional certification of the Class, the appointment of the Class Representative, and the appointment of Class Counsel shall be binding only with respect to this Settlement and this Agreement. If the Court fails to enter a Preliminary Approval Order or a Final Approval Order and Judgment, or if this Agreement and the Settlement proposed herein is terminated, canceled, or fails to become effective for any reason whatsoever, or the Court enters any order that increases the cost or burden of the Settlement on Defendants beyond what is set forth in this Agreement, the class certification, to which the Parties have stipulated solely for the purposes of this Settlement, this Agreement, and all of the provisions of any Preliminary Approval Order or any Final Approval Order shall be vacated by their own terms and the Litigation will revert to its status as it existed prior to the date of this Agreement with respect to class certification, the appointment of the Class Representative, and

the appointment of Class Counsel. In that event, Defendants shall retain all rights they had immediately preceding the execution of this Agreement to object to the maintenance of the Litigation as a class action, the appointment of the Class Representative, and the appointment of Class Counsel and, in that event, nothing in this Agreement or other papers or proceedings related to this Settlement shall be used as evidence or argument by any of the Parties concerning whether the Litigation may properly be maintained as a class action under applicable law, whether the Class Representative is an adequate or typical class representative, or whether Class Counsel is adequate or may be appointed to represent the Class or any Class Members.

## V.  EXTENDED WARRANTY FOR QUALIFYING REPAIRS

5.1.    Defendants will extend the warranty on all ASUS Rog Strix GL502VS laptops to cover all Qualifying Repairs until the later of: (i) three (3) years from the date of purchase; (ii) ninety (90) days from Final Approval and Judgment; or (iii) one-hundred eighty (180) days from the date of a prior replacement of the internal power supply and/or AC power adaptor by Defendants. This extended warranty shall not apply to the ASUS Rog Strix GL502VSK laptops.

5.2.    To obtain a Qualifying Repair, the Class Member must contact Defendants' technical support toll free number to be stated in the Class Notice, and follow Defendants' protocol for shipping the ASUS Rog Strix GL502VS laptop to a repair facility for repairs. If the ASUS Rog Strix GL502VS laptop is determined at the repair facility to be entitled to a Qualifying Repair, Defendants will repair the laptop at no charge. If the ASUS Rog Strix GL502VS laptop is determined at the repair facility not to be entitled to a Qualifying Repair, and the laptop is not eligible for other repairs under any existing warranty, Defendants will offer to repair the laptop at the Class Member's expense.

5.3.     A Class Member shall be entitled to the Extended Warranty as described in this Section 5 whether or not the Class Member files a Claim as set forth in Section 6.

## VI.  SETTLEMENT BENEFITS

6.1.     In full, complete, and final settlement and satisfaction of the Litigation and all Released Claims, and subject always to all of the terms, conditions, and provisions of this Agreement, including Court approval, Defendants agree to cause the following settlement benefits to be provided as follows:

(a)     **Group A.** A Claimant who submits a Group A Valid Claim shall have the option to select either a $210 Credit Certificate or a $110 Cash Payment. In order to submit a Group A Valid Claim, Claimant must comply with the requirements in Section 6.6 and must either: (1) provide the Laptop's Serial Number and have registered the Laptop with Defendants prior to the Notice Date, as reflected by Defendants' records; (2) provide the Laptop's Serial Number and have purchased the Laptop from the ASUS Website; or (3) submit a Laptop Proof of Purchase.

(b)     **Group B.** Class Members who submitted a complaint about the Power Defect and/or Overheating Issue prior to March 19, 2019 to Defendants' customer service department and for whom Defendants possess contact information shall automatically receive a $210 Credit Certificate, without the necessity of filing a Claim. If such a Class Member prefers a $110 Cash Payment instead of a $210 Credit Certificate, then they must submit a Group B Valid Claim. A Claimant who submits a Group B Valid Claim shall receive a $110 Cash Payment. In order to submit a Group B Valid Claim, the Claimant must comply with the requirements in Section 6.6.

(c)     **Group C.** A Claimant who submits a Group C Valid Claim shall have the option to select either a $105 Credit Certificate or a $55 Cash Payment. In order to submit a Group C Valid Claim, Claimant must comply with the requirements in Section 6.6 and must provide the Laptop's Serial Number.

6.2.     Any Class Member who submits an otherwise Valid Claim without electing a Settlement Benefit will receive the applicable Credit Certificate. Any Class Member who does not meet the requirements for a Group A Valid Claim, but does meet the requirements for a Group C Valid Claim will receive the Group C Settlement Benefit.

6.3.     For Group A Valid Claims only, Defendants have the right to demand inspection of the Laptop to verify whether it suffers from the Power Defect and/or Overheating Issue. No inspection may be demanded by Defendants if Claimant made a posting on Defendants' Website, forums, or chat room (collectively, "Postings") prior to March 19, 2019 and submits a copy of such Postings with the Claim Form.

(a)     The inspection referred to in Section 6.3 must be conducted by Defendants, unless both Defendants and the Claimant agree to a third-party to conduct the inspection.

(b)     At the election of Defendants, the inspection shall be conducted either (1) at the home or business of the Claimant or (2) at an alternative inspection site, so long as Defendants pay any shipping costs incurred in delivering the Laptop.

(c)     The inspection must be conducted within thirty (30) days of Defendants' demand for the inspection, unless otherwise agreed by Claimant.

(d)     Any demand for inspection must be accompanied by instructions informing the Claimant of the conditions set forth herein and of the right to refuse the inspection

entirely. If the Claimant refuses the request for inspection, the Claim will be treated as a Group C Valid Claim.

6.4.     If a Class Member does not timely submit a Valid Claim to the Claim Administrator, the Class Member is not entitled to any Settlement Benefit, except as otherwise provided in Section 6.1(c).

6.5.     A Claim shall be deemed to be a Valid Claim only if submitted on the Claim Form pursuant to the procedures set forth herein. At the election of the Class Member, Claim Forms may be submitted in paper via first class mail or online at the Settlement Website. Claim Forms to be mailed must be postmarked, and Claim Forms to be submitted online through the Settlement Website must be submitted, no later than the Claim Filing Deadline. Claim Forms that are postmarked or submitted online after that date will not be Valid Claims. For Claim Forms that are submitted online, the Class Member shall have the opportunity to upload Laptop Proof of Purchase and Postings image files (e.g. jpg, tif, pdf).

6.6.     On the Claim Form, the Class Member must certify the truth and accuracy of each of the following under the penalty of perjury, including by signing the Claim Form physically or by e-signature, or the claim will not be considered a Valid Claim by the Claim Administrator:

(a)     The Class Member's name and mailing address;

(b)     The Class Member's email address, if the Class Member selects a Credit Certificate or otherwise elects to provide the information;

(c)     That the claimed purchase was not made for the purpose of resale;

(d)     That the Laptop suffered from the Power Defect and/or experienced the Overheating Issue;

(e)     That any additional information provided by the Claimant to demonstrate membership in Group A, as set forth above in this Section, is true and correct; and

(f)     That any documentation provided by the Claimant, i.e., Laptop Proof of Purchase or Postings, is a true and correct copy of the original.

6.7.     <u>Cash Payment</u>. The Claim Administrator shall mail a check sixty (60) days after the Effective Date to the mailing address provided for each Settlement Class Member who timely submits a Valid Claim for a Cash Payment. Any check issued to any Settlement Class Member shall remain valid and negotiable for ninety (90) days from the date of its issuance, but will thereafter automatically be canceled if not cashed by the Settlement Class Member within that time, in which case the Settlement Class Member's claim will be deemed null and void and of no further force and effect and the funds represented by such check shall be returned to Defendants.

6.8.     <u>Credit Certificate</u>. The Claim Administrator shall email the Credit Certificate sixty (60) days after the Effective Date to the email address provided for each Class Member who timely submits a Valid Claim for a Credit Certificate and to Group B Settlement Class Members. Any Credit Certificate shall conspicuously state its expiration date.

6.9.     No Settlement Class Member shall have any claim against Defendants, Defendants' Counsel, the Class Representative, Class Counsel, or the Claim Administrator based on the mailings, distributions, or process of awarding a Settlement Benefit made in accordance with this Agreement or any order of the Court.

6.10.    Each Settlement Class Member is solely responsible for any tax consequence, including but not limited to penalties and interest, relating to or arising out of the receipt of any benefit under this Settlement.

## VII.    CLASS NOTICE AND SETTLEMENT ADMINISTRATION

7.1.    Subject to Court approval, the Parties have agreed that providing Long Form Notice, Email Notice, Postcard Notice, Published Notice and Online Notice to the Class Members in the manner described herein is the best and most fair and reasonable notice practicable under the circumstances. Class Counsel will not of their own initiative advocate for content or methods of Class Notice beyond that to which the Parties have agreed in this Section 7 of the Agreement.

7.2.    The Parties agree to the following procedures for giving notice of this Settlement to the Class Members:

(a)    Within thirty (30) days of entry of the Preliminary Approval Order or on such date otherwise ordered by the Court, Defendants shall provide the Claim Administrator with an electronic list that includes the following information with respect to each Class Member for which Defendants have information: (i) first and last name; (ii) email address; (iii) last known mailing address (if available); and (iv) phone number (if available). Defendants agree to utilize reasonable efforts to provide accurate data to the Claim Administrator, which the Claim Administrator will rely upon in sending Class Notice and administering this Settlement as described herein and will provide a sworn declaration with the motion for Final Approval of the Settlement that Defendants utilized reasonable efforts to provide accurate data (and a description of those efforts) to the Claim Administrator.

(b)      No later than the Notice Date, the Claim Administrator shall send a copy of the Email Notice in the form approved by the Court to those Class Members for whom an email address is available, and a copy of the Postcard Notice in the form approved by the Court to those Class Members for whom a physical mailing address is available but an email address is not available.

(c)      Any emailed Email Notice that bounces back or is returned to the Claim Administrator as undeliverable shall be mailed as a Postcard Notice by the Claim Administrator if a physical mailing address is available in the list provided by Defendants to the Claim Administrator.

(d)      The Claim Administrator shall utilize the national change of address database to update the mailing list of the Class Members for whom a mailing address is available prior to sending Postcard Notice via First Class U.S. Mail.

(e)      If no physical address is available in the list provided to the Claim Administrator, the Claim Administrator shall perform a single skip trace using information identifying the Class Member, as necessary, to conduct an address update to allow Postcard Notice to be sent using an industry-accepted source such as Accurint, and shall send the Postcard Notices to the mailing address identified by the skip tracing. Any such Postcard Notice shall be mailed within five (5) business days following receipt of the bounced back or returned as undeliverable email.

(f)      Any mailed Postcard Notices returned to the Claim Administrator as undelivered and bearing a forwarding address shall be re-mailed by the Claim Administrator within five (5) business days following receipt of the returned mail. Further, if no forwarding address is available, the Claim Administrator shall perform a single skip trace using an

22

industry-accepted source such as Accurint, to conduct an address update and send the Postcard
Notices to the mailing addresses identified by the skip-tracing.

     (g)  No later than the Notice Date, the Claim Administrator also shall
launch the Settlement Website, which shall contain the Long Form Notice in both downloadable
PDF format and HTML format with a clickable table of contents; answers to frequently asked
questions; a contact information page that includes the address for the Claim Administrator and
addresses and telephone numbers for Plaintiff's Counsel and Defendants' Counsel; the
Agreement; the signed Preliminary Approval Order and the publicly filed motion papers and
declarations in support thereof; a downloadable and online version of the Claim Form; a
downloadable and online version of the form by which Class Members may exclude themselves
from the Settlement Class; and (when they become available) the publicly filed motion for Final
Approval of the Settlement, Plaintiff's request for Attorneys' Fees and Expenses and Incentive
Award, and supporting declarations. The Settlement Website shall remain accessible until
one-hundred eighty (180) days after all Settlement Benefits are distributed. When the Settlement
Website is taken down, the Claim Administrator shall immediately transfer ownership of the URL
for the Settlement Website to Defendants. Defendants will not thereafter add any content or
otherwise revise the Settlement Website or use the URL for the Settlement Website for any other
purposes.

     (h)  No later than the Notice Date, the Claim Administrator also shall
distribute the Online Notice. The Online Notice shall be distributed utilizing methods such as
internet banner advertising, social media sponsored posts, and/or paid search placements and shall
be designed to reach 80% of the Class consistent with other effective court-approved notice

programs and the Federal Judicial Center's (FJC) Judges' Class Action Notice and Claims Process Checklist and Plain Language guide.

(i)      No later than the Notice Date, Defendants shall post the Online Notice on Defendants' Website, social media accounts, and the ASUS ROG online forms. The online Notice shall link to the Settlement Website.

(j)      On the Notice Date, the Claim Administrator shall cause the Pubished Notice to be published in the manner ordered by the Court.

(k)      CAFA Notice. Within ten (10) days of entry of the Preliminary Approval Order, the Claim Administrator shall serve notice of this Settlement to appropriate state and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715. The Claim Administator shall be responsible for drafting and preparing the notice in conformity with 28 U.S.C. § 1715 and for identifying the appropriate state and federal officials to be notified.

(l)      The Claim Administrator shall provide any information or declaration requested by the Parties to assist with seeking Preliminary Approval and Final Approval.

(m)      The Parties each represent that he or it does not and will not have any financial interest in the Claim Administrator ultimately appointed and otherwise will not have a relationship with the Claim Administrator ultimately appointed that could create a conflict of interest.

(n)      The Parties acknowledge and agree that the Claim Administrator is not an agent of the Class Representative, Class Counsel, Defendants, or Defendants' Counsel and that the Claim Administrator is not authorized by this Agreement or otherwise to act on behalf of the Class Representative, Class Counsel, Defendants, or Defendants' Counsel.

(o)    If a Class Member requests that the Claim Administrator and/or its agent or employee refer him/her to Class Counsel, or if a Class Member requests advice beyond merely ministerial information regarding applicable deadlines or procedures for submitting a Claim Form or other Settlement-related forms for which the Claim Administrator does not have an approved response, then the Claim Administrator and/or its agent or employee shall promptly refer the inquiry to Class Counsel and Defendants' Counsel.

(p)    The Claim Administrator is responsible for:

(1)    Sending the Email Notice approved by the Court;

(2)    Printing and distributing the Postcard Notice approved by the Court;

(3)    Causing the Published Notice to the Class Members approved by the Court to be published;

(4)    Causing the Online Notice to the Class Members approved by the Court to be published;

(5)    Performing physical mailing address and email address updates and verifications prior to the distribution of the Postcard Notice;

(6)    Mailing Postcard Notice to those Class Members who were provided Email Notice and had it returned undeliverable and who have a physical mailing address in Defendants' records;

(7)    Performing a single skip trace to follow up on any returned mail or email Postcard Notices;

(8)    Creating and maintaining the Settlement Website and a
toll-free number that Class Members can contact to request a
copy of this Agreement, a Long Form Notice, and/or a Claim
Form, and/or to obtain any other information concerning this
Settlement or this Agreement;

(9)    Consulting with Defendants' Counsel and/or Class Counsel
concerning any relevant issues, including (without
limitation) distribution of the Class Notice and processing of
Claim Forms;

(10)   Processing and recording timely and proper requests for
exclusion from or objections to the Settlement;

(11)   Processing and recording Claim Forms;

(12)   Preparing, drafting, and serving the CAFA Notice;

(13)   Emailing Credit Certificates to Class Members who submit a
timely and proper Claim Form requesting a Credit
Certificate;

(14)   Emailing Credit Certificates to Class Members in Group B;

(15)   Mailing Cash Payments to Class Members who submit a
timely and proper Claim Form requesting a Cash Payment;
and

(16)   Such other tasks as the Parties mutually agree or the Court
orders the Claim Administrator to perform in connection
with this Agreement.

(q)     The Parties shall supervise the Claim Administrator in the performance of the notice functions set forth in this Section.

(r)     At least fourteen (14) days prior to the Final Approval Hearing, the Claim Administrator shall certify to the Court that it has complied with the notice requirements set forth herein.

(s)     Defendants shall be responsible for paying all reasonable costs of notice as set forth in this Section and all costs of the Claim Administrator in processing objections and exclusion requests in an amount not to exceed $200,000.00.

(t)     Within two hundered and ten (210) days after the Effective Date, the Claim Administrator shall destroy all Class Member's identifying information received from Defendants and otherwise in connection with the implementation and administration of this Settlement.

(u)     Upon completion of the implementation and administration of the Settlement, the Claim Administrator shall provide written certification of such completion to Class Counsel and Defendants' Counsel.

## VIII.   ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARDS

8.1.    Plaintiff's Counsel may make application to the Court for an award of Attorneys' Fees and Expenses as compensation for the time and effort, undertaken in and risks of pursuing this Litigation, but agree that, combined, the requested Attorneys' Fees and Expense Award shall not aggregately exceed $787,500.00. Plaintiff's Counsel shall not be permitted to petition the Court for any additional payments for fees, costs or expenses from Defendants. Attorneys' Fees and Expenses shall be for all claims for attorneys' fees, costs and expenses, past, present, and future incurred in the Litigation in connection with claims against Defendants.

8.2.     Defendants covenant and agree on behalf of themselves and the Released Parties that, provided Plaintiff's application for Attorneys' Fees and Expenses is consistent with Section 8.1 and does not collectively exceed $787,500.00, they and the Released Parties shall not (a) oppose or submit any evidence or argument challenging or undermining Plaintiff's application for Attorneys' Fees and Expenses; (b) encourage or assist any person to oppose or submit any evidence or argument challenging or undermining Plaintiff's application for Attorneys' Fees and Expenses; or (c) encourage or assist any person to appeal from an order awarding Attorneys' Fees and Expenses.

8.3.     Any Attorneys' Fees and Expenses awarded by the Court which does not exceed $787,500.00 shall be paid by the Claim Administrator to Class Counsel within ten (10) days after Defendants fund the Settlement Fund.

8.4.     Payment of any Attorneys' Fees and Expenses to Plaintiff's Counsel shall constitute full satisfaction by Defendants of any objection to pay any amounts to any person, attorney or law firm for attorneys' fees, expenses, or costs in the Litigation incurred by any attorney on behalf of Plaintiff, the Class, or the Settlement Class, and shall relieve Defendants and Defendants' Counsel of any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses, and/or costs to which any of them may claim to be entitled on behalf of Plaintiff, the Class, and/or the Settlement Class.

8.5.     Any Attorneys' Fees and Expenses paid to Plaintiff and Plaintiff's Counsel under this Section shall be paid separate and apart from the Valid Claims and shall not take away from or otherwise reduce the monetary relief available to the Settlement Class.

8.6.     Plaintiff's Counsel may also make application to the Court for an Incentive Award for Plaintiff in an amount not to exceed $5,000.00, as compensation for Plaintiff's time and

effort undertaken in and risks of pursuing this Litigation, including preparing for and participating in a nearly 7-hour deposition.

8.7.    The Incentive Award shall be the total obligation of Defendants to pay money to Plaintiff, in connection with the Litigation and this Settlement, other than amounts due to Plaintiff for any Valid Claim he submits pursuant to Section 6 of this Agreement.

8.8.    Defendants covenant and agree on behalf of themselves and the Released Parties that, provided Plaintiff's application for an Incentive Award is consistent with Section 8.6, they and Released Parties shall not (a) oppose or submit any evidence or argument challenging or undermining Plaintiff's application for an Incentive Award; (b) encourage or assist any person to oppose or submit any evidence or argument challenging or undermining Plaintiff's application for an Incentive Award; or (c) encourage or assist any person to appeal from an order making an Incentive Award.

8.9.    Any Incentive Award awarded by the Court which does not exceed $5,000.00 shall be paid by the Claim Administrator to Plaintiff within ten (10) days after Defendants fund the Settlement Fund provided Plaintiff has executed the General Release substantially in the form attached as Exhibit E.

8.10.    Plaintiff's Counsel and Plaintiff agree that the denial of, reduction or downward modification of, or failure to grant any application for Attorneys' Fees and Expenses or Incentive Award shall not constitute grounds for modification or termination of this Agreement, including the Settlement and releases provided for herein.

8.11.    Except as set forth in this Agreement, each Party shall bear his or its own fees, costs, and expenses.

29

## IX.    CLASS SETTLEMENT PROCEDURES

9.1.    <u>Preliminary Approval</u>. As soon as practicable after the signing of this Agreement, Plaintiff shall move, with the support of Defendants, solely for purposes of this Settlement, for a Preliminary Approval Order, substantially in the form of Exhibit C. The Parties shall seek to schedule a Final Approval Hearing to occur four (4) weeks after the Objection Deadline.

9.2.    <u>Exclusions and Objections</u>. The Preliminary Approval Order and Class Notice shall advise prospective Class Members of their rights to exclude themselves from the Settlement, forego the benefits of this Settlement and reserve the right to pursue an individual claim; to object to this settlement individually or through counsel; and to appear at the Final Approval Hearing.

(a)    <u>Exclusions</u>. Class Members and persons purporting to act on their behalf who decide to be excluded from this Settlement must submit to the Claim Administrator a written statement requesting exclusion from the Settlement by the Objection/Exclusion Deadline or by such date otherwise ordered by the Court. Such written request for exclusion must (i) contain the name and address of the person requesting exclusion, (ii) be made by submitting the online form on the Settlement Website or by mailing a valid exclusion request by First Class U.S. Mail to the Claim Administrator at the specified address as described in the Class Notice, and (iii) be submitted online or postmarked on or before the Objection/Exclusion Deadline in order to be valid. For exclusion requests that are submitted online, the Class Member shall have the opportunity to print a page immediately after submission showing the information entered and the date and time the request for exclusion was received. Settlement Class Members shall be encouraged, but not required, to provide their email addresses in their requests for exclusion.

(b)     Class Members who fail to submit a timely and valid written request for exclusion consistent with this Section shall be deemed to be a member of the Settlement Class and as such shall be bound by all terms of the Settlement and the Final Approval Order and Judgment if the Settlement is approved by the Court.

(c)     A Class Member who is excluded from this Settlement shall not be bound by this Settlement or any Final Approval Order entered by the Court approving this Settlement, shall not be permitted to object to this Settlement, and shall not be entitled to receive any of the benefits of the Settlement.

(d)     If a Class Member submits both a Claim Form and an exclusion request, the Claim Form shall take precedence and be considered valid and binding, and the exclusion request shall be deemed to have been sent by mistake and rejected.

(e)     Within fifteen (15) days following the Objection/Exclusion Deadline, the Claim Administrator shall provide in writing to Defendants' Counsel and Class Counsel the names of those Class Members who have requested exclusion from the Settlement in a valid and timely manner, and Plaintiff's Counsel shall file that list with the Court, with service on Defendants' Counsel.

(f)     The Class Representative acknowledges and agrees that he will not exclude himself from this Settlement.

9.3.     <u>Objections</u>. Class Members and persons purporting to act on their behalf who wish to object to the fairness, reasonableness, or adequacy of the Settlement or this Agreement, any request for Attorneys' Fees and Expenses, or any request for an Incentive Award shall submit a written notice of objection in accordance with the following procedures:

(a)     Class Members who wish to object must submit a written statement of objection to the Class Action Clerk, United States District Court for the Northern District of California, postmarked on or before the Objection/Exclusion Deadline.

(b)     To be valid, an Objection must include: (a) a reference at the beginning to this case, *Carlotti v. Asus Computer International Inc., et al.*, Case No. 4:18-cv-03369-DMR, and the name of the presiding judge, the Hon. Donna Ryu, United States District Court for the Northern District of California; (b) the name, address, telephone number, and, if available, the email address of the Person objecting, and if represented by counsel, of his/her counsel; (c) a written statement of all grounds for the Objection, accompanied by any legal support for such Objection; (d) whether he/she intends to appear at the Final Approval Hearing, either with or without counsel; (e) a statement of his/her membership in the Class, including all information required by the Claim Form; and (f) a detailed list of any other objections submitted by the Class Member, or his/her counsel, to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years. If the Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials provided in connection with the Objection to this Settlement. Failure to include this information and documentation may be grounds for overruling and rejecting the Objection.

(c)     Subject to the Court's approval, any objecting Class Member may appear, in person or by counsel, at the Final Approval Hearing to show cause why this Settlement and this Agreement should not be approved as fair, adequate, and reasonable or to object to any request for a Attorneys' Fees and Expenses or Incentive Award. To appear in person or by counsel at the Final Approval Hearing, fourteen (14) days prior to the Final Approval Hearing, the

objecting Class Member must file with the Court and serve upon Class Counsel and Defendants' Counsel a Notice of Intention to Appear. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her counsel) will present to the Court in connection with the Final Approval Hearing.

(d)     Any Class Member who fails to submit a proper Notice of Intention to Appear prior to fourteen (14) days before the Final Approval Hearing, along with copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her counsel) will present to the Court in connection with the Final Approval Hearing, will not be heard during the Final Approval Hearing.

(e)     Any Class Member who fails to timely submit a written objection prior to the Objection/Exclusion Deadline will not be heard during the Final Approval Hearing and the Class Member's objection(s) shall be waived and will not be considered by the Court.

(f)     Any Class Member who submits a timely written request for exclusion from the Settlement shall not be permitted to object to the Settlement. Any written objection submitted by a Class Member who has submitted a timely written request for exclusion from the Settlement will not be heard during the Final Approval Hearing and the Class Member's objection(s) shall be waived and shall not be considered by the Court at the Final Approval Hearing.

(g)     The agreed-upon procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice in accordance with each Class Member's due process rights. Such procedures are designed to identify whether any person making an objection has standing to do so and to identify "professional objectors."

(h)     Any Class Member who submits a written objection in accordance with this Section shall be entitled to all of the benefits of the Settlement and this Agreement, provided the objecting Class Member complies with all the requirements set forth in this Agreement for submitting a timely and valid Claim, and shall be bound by all terms of the Settlement and the Final Approval Order and Judgment if the Settlement is approved by the Court.

(i)      Class Counsel shall serve on Defendants' Counsel and file with the Court any written objections to the Settlement received within fifteen (15) days following the Objection/Exclusion Deadline.

9.4.    <u>Conditions Impacting Finality of Settlement</u>.

(a)     If more than 1,000 Class Members submit a timely and valid request to exclude themselves from the Settlement, Defendants shall have the unilateral right to terminate and withdraw from the Settlement in its entirety; provided, however, that Defendants must notify Class Counsel and the Court that it is exercising such option within seven (7) business days of the filing with the Court of the opt-out list described in Section 9.2 of this Agreement. Furthermore, except for changes to the time periods set forth in Section 6.3, all other terms and limitations set forth in this Agreement and in the documents referred to or incorporated herein (including but not limited to the Long Form Notice, the Published Notice, the Online Notice and the Claim Form) shall be deemed material to the Parties' agreement, and in the event any such other term is altered or amended by the Court (including if the Court refuses to certify the Settlement Class and/or modifies the definition of the class), or any other court, or if any federal or state authority objects to or requires modifications to the Agreement, any Party whose rights or obligations are affected by the alteration or amendment may terminate this Agreement upon written notice to the other Party.

(b)     The Parties expressly agree that in the event of any of the following conditions: (i) the Court does not preliminarily approve the Settlement; (ii) the Court does not finally approve the Settlement; (iii) the Court does not enter the Final Approval Order and Judgment; (iv) Defendants withdraw and cancel the Settlement pursuant to Section 9.4(a); and/or (v) this Settlement does not become final for any reason; then this Agreement shall be null and void *ab initio* and any order entered by the Court in furtherance of this Settlement shall be treated as withdrawn or vacated by stipulation of the Parties (subject to Court approval) and Defendants shall have no further obligation under this Agreement; provided, however, that in the event of the denial of Preliminary Approval or Final Approval, the Class Representative and/or Defendants may seek appellate review through a writ or pursue any other available appellate remedy in support of the Settlement or this Agreement. Nothing herein is intended to restrict or limit the rights of either Defendants or the Class Representative to appeal any order of this Court in the event the Settlement is not finally approved for any reason. During the pendency of any appeal of the denial of Preliminary Approval or Final Approval, this Agreement shall remain valid and binding.

(c)     If any of the conditions outlined in Section 9.4(b) occur such that this Settlement does not become final, the Parties shall proceed in all respects as if this Agreement had not been executed; provided, however, that Defendants shall be responsible for the payment of reasonable Administration Costs actually incurred for services already incurred up to such time. Notwithstanding the foregoing, neither the denial of, an appeal of, a modification of, nor a reversal on appeal of any Attorneys' Fees and Expenses or Incentive Award shall constitute grounds for cancellation or termination of this Agreement.

(d)     If Preliminary Approval is denied, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution of this Agreement on the

latest of the following events (i) the thirty-first (31st) day following the denial of Preliminary

Approval; or (ii) the conclusion of any appeal or writ of mandamus from the denial of Preliminary

Approval. In either of these events, within thirty (30) days, the Parties will jointly file a stipulation

regarding a revised proposed schedule for briefing Plaintiffs' motion for class certification and for

class-related discovery.

        (e)       If Final Approval is denied, the Parties shall be returned to their

respective statuses as of the date immediately prior to the execution of this Agreement on the latest

of the following events: (i) the thirty-first (31st) day following the denial of Final Approval; or (ii)

the conclusion of any appeal or writ of mandamus from the denial of Final Approval. In either of

these events, within thirty (30) days, the Parties will file a joint stipulation regarding a revised

proposed schedule for briefing on Plaintiffs' motion for class certification and for class-related

discovery.

        9.5.    <u>Effect if Settlement Not Approved or Agreement is Terminated</u>. This

Agreement is entered into only for purposes of settlement. In the event that Preliminary Approval

or Final Approval of this Agreement does not occur for any reason, including without limitation

termination of this Agreement pursuant to Section 9.4, or if Final Approval is reversed on appeal,

then no term or condition of this Agreement, or any draft thereof, or discussion, negotiation,

documentation, or other part or aspect of the Parties' settlement discussions shall have any effect,

nor shall any such matter be admissible in evidence for any purpose in the Litigation, or in any

other proceeding; the Litigation may continue as if the Settlement had not occurred; and any orders

conditionally certifying or approving certification of the Settlement Class shall be vacated, and the

Parties returned to their pre-Settlement litigation posture. The Parties agree that all drafts,

discussions, negotiations, documentation or other information prepared in relation to this

Agreement, and the Parties' settlement discussions, shall be treated as strictly confidential and may not, absent a court order, be disclosed to any person other than the Parties' counsel, and only for purposes of the Litigation.

   9.6. <u>Final Approval and Judgment</u>. After Preliminary Approval, Class Notice is provided to the Class Members, and the expiration of the Objection/Exclusion Deadline, a Final Approval Hearing shall be held on a date set by the Court. The Parties shall request that the Court enter the Final Approval Order, substantially in the form of Exhibit D.

**X. RELEASES**

   10.1. <u>Releases Regarding Settlement Class Members and Released Parties</u>. As of the Effective Date, the Class Representative and Settlement Class Members hereby expressly fully release and forever discharge the Released Parties and further expressly agree that they shall not now or thereafter institute, maintain, or assert against the Released Parties, either directly or indirectly, on their own behalf or on behalf of any class or other person or entity, in any action, regulatory action, arbitration, or court or other proceeding of any kind, any causes of action, claims, damages, equitable, legal and administrative relief, interest, demands, rights, or remedies, including, without limitation, claims for injunctive relief, declaratory relief, damages, mental anguish, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, disgorgement, or equitable relief against the Released Parties, whether based on federal, state, or local law, statute, ordinance, regulation, constitution, contract, common law, or any other source, that relate to the Released Claims.

   (a) The Class Representative and Settlement Class Members expressly agree that this release is, and may be raised as, a complete defense to and precludes any claim, action, or proceeding encompassed by the release against the Released Parties. It is the intention of

the Class Representative in executing this release on behalf of himself and the Settlement Class to fully, finally, and forever settle and release all matters and all claims relating to the Released Claims in every way.

(b)      Without limiting the foregoing, nothing in this Agreement shall release, preclude, or limit any claim or action by the Parties to enforce the terms of this Agreement.

(c)      To the fullest extent permitted by law, the Class Representative and the Settlement Class Members agree not to commence or participate in any claim, demand, grievance, action, or other proceeding against any of the Released Parties based on, concerning, or arising out of any of the Released Claims.

10.2.   Waiver of Provisions of California Civil Code Section 1542. The Class Representative and Defendants shall, by operation of Final Approval and Judgment, be deemed to have waived the provisions, rights and benefits of California Civil Code Section 1542, and any similar law of any state or territory of the United States or principle of common law. In addition, Settlement Class Members shall, by operation of Final Approval and Judgment, be deemed to have waived the provisions, rights and benefits of California Civil Code Section 1542, and any similar law of any state or territory of the United States or principle of common law, but only with respect to the matters released as set forth Section 10.1 above. Section 1542 provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

10.3.   Effectuation of Settlement. None of the above releases include releases of claims to enforce the terms of the Settlement provided for in this Agreement.

10.4.   No Admission of Liability. This Agreement reflects, among other things, the compromise and settlement of disputed claims among the Parties hereto, and neither this

Agreement nor the releases given herein, nor any consideration therefor, nor any actions taken to carry out this Agreement are intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or the validity of any claim, or defense, or of any point of fact or law (including but not limited to matters respecting class certification) on the part of any Party. Defendants expressly deny the Allegations. Neither this Agreement, nor the fact of settlement, nor the settlement proceedings, nor settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by the Released Parties, or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing by the Released Parties in any proceeding, except that this Agreement may be offered or received in evidence in such proceedings as may be necessary to consummate, interpret, or enforce this Agreement.

## XI.  ADDITIONAL PROVISIONS

11.1.  <u>Defendants' Representation</u>. Defendants represent and warrant that they ceased sales and distribution of the Laptops prior to the Settlement in the ordinary course of business because the Laptops reached the end of their life.

11.2.  <u>Non-Disparagement.</u> The Parties, Plaintiffs' Counsel, and Defendants' Counsel agree that they will not make or cause to be made any statements that disparage Plaintiff, Defendants or their employees, or any of the other Released Parties. The Parties, Plaintiffs' Counsel, and Defendants' Counsel also agree that they will not encourage any person to disparage Plaintiff, Defendants or their employees, or any of the other Released Parties. Disparagement includes, but is not limited to, statements made by any internet posting or use of social media. Disparagement does not include statements that recite or refer to the Allegations of the Lawsuit or terms of the Agreement, nor does it include any good faith claim or allegation of a legal violation in the future.

11.3.   <u>Cooperation</u>. All of the Parties, their successors and assigns, and their attorneys agree to work reasonably and cooperatively in order to obtain Court approval of this Agreement and to effectuate the Settlement, and to provide declarations to facilitate the Court's Preliminary Approval and Final Approval of the Settlement. The Parties further agree to cooperate in the Settlement administration process and implementation of the Settlement and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration and implementation of the Settlement.

11.4.   <u>Change of Time Periods</u>. The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Plaintiff's Counsel and Defendants' Counsel, without notice to Class Members.

11.5.   <u>Time for Compliance</u>. If the date for performance of any act required by or under this Agreement falls on a Saturday, Sunday or court holiday, that act may be performed on the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Agreement.

11.6.   <u>Governing Law</u>. This Agreement is intended to and shall be governed by the laws of the State of California, without regard to conflicts of law principles.

11.7.   <u>Entire Agreement</u>. The terms and conditions set forth in this Agreement and its exhibits constitute the complete and exclusive statement of the agreement between the Parties hereto relating to the subject matter of this Agreement, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement. The Parties further intend that this Agreement constitute the complete and exclusive statement of its terms as between the Parties, and that no extrinsic evidence whatsoever may be

introduced in any agency or judicial proceeding, if any, involving the interpretation of this Agreement. In executing this Agreement, the Parties acknowledge that they have not relied upon any oral or written understandings, negotiations, agreements, statements, or promises that are not set forth in this Agreement. The Parties also acknowledge and agree that each has been represented by its own counsel with respect to the negotiating and drafting of this Settlement and this Agreement. All exhibits to this Agreement as set forth herein are integrated herein and are to be considered terms of this Agreement as if fully set forth herein.

    11.8. <u>Modifications</u>. Any amendment or modification of the Agreement must be in writing signed by all of the Parties to this Agreement or their counsel. The Parties agree that nonmaterial amendments or modifications to this Agreement may be made in writing after Preliminary Approval without the need to seek the Court's approval. If the Court indicates, prior to Preliminary Approval or Final Approval, that the Settlement will not be approved unless certain changes are made, the Parties will attempt in good faith to reach an agreement as to any such changes prior to withdrawing from this Agreement. However, if no such agreement can be reached within thirty (30) days after the Court indicates that the Settlement will not be approved unless certain changes are made, then the Class Representative or Defendants may terminate and withdraw from this Agreement. If this Agreement is terminated under such circumstances, the Class Representative, Defendants, and the Class Members shall be deemed to be in the same position as existed prior to its execution, with the same *status quo ante* rights and interests as they may have had absent the entry by Defendants and the Class Representative into this Agreement and any and all other understandings and agreements between the Parties and their respective counsel relating to the Settlement shall be deemed to be null and void and of no force and effect. Upon termination under this Section of the Agreement, within thirty (30) days of the Agreement's

termination, the Parties will file a joint stipulation regarding a revised proposed schedule for briefing on the Plaintiffs' motion for class certification and for class-related discovery. Without further order of the Court, the Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of this Agreement or the Preliminary Approval Order.

11.9.  <u>No Admissions</u>. If this Agreement does not become effective or is cancelled, withdrawn, or terminated for any reason, it shall be deemed negotiation for settlement purposes only and will not be admissible in evidence or usable for any purposes whatsoever in the Litigation or any proceedings between the Parties or in any other action related to the Released Claims or otherwise involving the Parties or any Released Party. Nothing in this Agreement may be construed as, or may be used as, an admission by the Class Representative that any of his claims are without merit. Nothing in this Agreement may constitute, may be construed as, or may be used as an admission by Defendants of any fault, wrongdoing, or liability whatsoever or that class certification is appropriate. Defendants continue to affirmatively deny all liability and all of the claims, contentions, Released Claims, and each and every allegation made by the Class Representative in the Litigation.

11.10.  <u>Advice of Counsel</u>. The determination of the terms of, and the drafting of, this Agreement have been by mutual agreement after extensive arm's-length, bilateral negotiations, with consideration by and participation of all Parties and their counsel. The presumption found in California Civil Code section 1654 that uncertainties in a contract are interpreted against the party causing an uncertainty to exist is hereby waived by all Parties.

11.11.  <u>No Tax Advice</u>. Neither Class Counsel nor Defendants' Counsel intends anything contained herein to constitute legal advice regarding the tax consequences of any amount paid hereunder nor shall it be relied upon as such.

11.12.  <u>Conflicts</u>. In the event of a conflict between this Agreement and any other document prepared pursuant to the Settlement, the terms of this Agreement supersede and control.

11.13.  <u>No Waiver</u>. Any failure by any Party to insist upon the strict performance by any other Party of any provision of this Agreement shall not be deemed a waiver of any provision of this Agreement and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

11.14.  <u>Warranties</u>. Each signatory to this Agreement hereby warrants that he/it has the authority to execute this Agreement and thereby bind the respective Party. The Class Representative warrants and represents that he is the sole and lawful owner of all rights, title, and interest in and to all of the Released Claims and that he has not heretofore voluntarily, by operation of law or otherwise, sold, assigned, or transferred or purported to sell, assign, or transfer to any other person or entity any Released Claims or any part or portion thereof.

11.15.  <u>Binding Effect of the Agreement</u>. This Agreement shall be valid and binding as to the Parties and their respective heirs, legal representatives, executors, administrators, successors, and assigns upon signing by all Parties.

11.16.  <u>Execution in Counterparts</u>. This Agreement shall become effective upon its execution by all of the undersigned. The Parties may execute this Agreement in counterparts and/or by fax or electronic mail, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

11.17.  <u>Enforcement of this Agreement</u>. The Court shall retain jurisdiction to enforce, interpret, and implement this Agreement.

11.18.  <u>Notices</u>. All notices to the Parties or counsel required by this Agreement,

shall be made in writing and communicated by mail and fax or email to the following addresses:

If to Plaintiff or Plaintiff's Counsel:

Seth Safier, Esq.
Gutride Safier LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Fax: (415) 449-6469
Email: asuspower@gutridesafier.com

If to Defendants or Defendants' Counsel:

Luanne Sacks
Sacks, Ricketts & Case LLP
177 Post Street, Suite 650
San Francisco, CA 94108
Telephone: (415) 549-0581
Fax: (415) 549-0640
Email: lsacks@srclaw.com

11.19.  <u>Confidentiality</u>. The Parties, Plaintiff's Counsel, and Defendants' Counsel

agree to keep the existence and contents of the term sheet, Agreement, and all related settlement

communications confidential until the filing of the motion for Preliminary Approval. This

provision will not prevent the disclosure of such information prior to the filing of the motion for

Preliminary Approval with the Court to: (1) regulators, rating agencies, independent accountants,

advisors, financial analysts, agents, existing or potential insurers or reinsurers, experts, courts,

co-counsel, the Released Parties, any existing or potential investor of or any existing or potential

lender to any of the Released Parties, the Claims Administrator as may reasonably be required to

effectuate the Settlement, and/or as otherwise required to comply with any applicable law or

regulation; (2) any person or entity to whom the Parties agree in writing disclosure must be made

to effectuate the Settlement; and/or (3) Defendants or any of the Released Parties as necessary for any reasonable commercial purpose.

(a)      If contacted by a Class Member, Class Counsel may provide advice or assistance regarding any aspect of the Settlement requested by the Class Member. At no time shall any of the Parties or their counsel or their agents seek to solicit Class Members or any other persons to submit written objections to the Settlement, requests for exclusion from the Settlement, or to encourage Class Members or any persons to appeal from the Preliminary Approval Order and/or the Final Approval Order and Judgment.

(b)      The Class Representative and Class Counsel agree that the discussions and the information exchanged in the course of negotiating this Settlement and Agreement are confidential and were made available on the condition that they not be disclosed to third parties (other than experts or consultants retained by the Class Counsel in connection with the Litigation), that they not be the subject of public comment, and that they not be publicly disclosed or used by the Class Representative or Class Counsel in any way in the Litigation should it not settle or in any other proceeding.

11.20.  Confidential Documents. All of the Parties agree to cooperate and to work with one another to protect any confidential materials produced in discovery in the Action. This includes, but is not limited to, promptly complying with all aspects of the Stipulated Protective Order (Dkt. 24) regarding such information and stipulating that any confidential information submitted, whether in the past or in the future, to any court in the Litigation will be sealed. Class Counsel are entitled to retain an archival copy of the entire file (paper and/or electronic), including all pleadings, motion papers, transcripts, legal memoranda, correspondence, discovery, expert reports and exhibits thereto, or attorney work product, even if such materials contain material

designated as confidential, provided Class Counsel complies with all aspects of the Stipulated

Protective Order (Dkt. 24). Said archival copy will not be used or disclosed for any purpose other

than: (1) in this Litigation (including the Settlement approval process and/or Settlement

administration), (2) in responding to or defending against any objection or complaint by or on

behalf of any Class Member as to the adequacy of Class Counsel's representation of the Settlement

Class, or (3) in response to a court order or legal process requiring disclosure of such materials.

Prior to disclosing any such materials to any third party, Class Counsel will provide written notice

to Defendants' Counsel as early as feasible, and no later than three (3) business days after receipt

of such order or legal process, so as to permit Defendants to seek appropriate relief and otherwise

comply with all aspects of the Stipulated Protective Order (Dkt. 24). Class Counsel shall destroy

the foregoing electronic and paper archival copy on the date six (6) years after the Effective Date,

unless during that time period a Settlement Class Member or other person entitled to or potentially

entitled to relief under this Settlement, or a legally authorized representative acting on their behalf,

asserts any claim of malpractice or otherwise challenges the adequacy of Class Counsel's

representation of the Settlement Class in this Litigation, in a lawsuit, or otherwise. If such a claim

is asserted, Class Counsel may retain an archival copy until the date (i) six (6) years after the

Effective Date, (ii) such claim is finally resolved, or (iii) five (5) years after the assertion of such a

claim, whichever is latest, provided Class Counsel otherwise complies with all aspects of the

Stipulated Protective Order (Dkt. 24). The Parties agree that if there is anything inconsistent in this

Section and the Stipulated Protective Order (Dkt. 24), the provisions of the Stipulated Protective

Order (Dkt. 24) shall control.

       11.21.  <u>Exhibits.</u> The Exhibits to the Agreement are an integral part of the

Settlement and are hereby incorporated and made part of the Agreement.

11.22.  <u>Complete Resolution.</u> The Parties intend for this Agreement to be a complete and final resolution of all disputes between them with respect to the Litigation.

**APPROVED AND AGREED:**

DATED: June \_\_\_, 2019                JOSEPH CARLOTTI

  06/21/2019                          *Joseph Hiroki Carlotti*
                                       Joseph Carlotti


DATED: June \_\_\_, 2019                ASUS COMPUTER INTERNATIONAL


                                       By:_____

                                       Name:_____

                                       Its: _____


DATED: June \_\_\_, 2019                ASUSTEK COMPUTER, INC.


                                       By:_____

                                       Name:_____

                                       Its: _____

**APPROVED AND AGREED:**

DATED: June ___, 2019            JOSEPH CARLOTTI

_____
Joseph Carlotti


DATED: June 12, 2019            ASUS COMPUTER INTERNATIONAL

By: _____

Name: _____

Its: _____


DATED: June 21, 2019            ASUSTEK COMPUTER, INC.

By: _____

Name: _____

Its: _____

48

**APPROVED AS TO FORM:**

DATED: June ___, 2019

July 8, 2019

GUTRIDE SAFIER LLP

_____
Adam Gutride, Esq.
Seth Safier, Esq.
Attorneys for Plaintiff

DATED: ~~June~~ July 8, ___, 2019

MIGLIACCIO & RATHOD LLP

_____
Jason Rathod, Esq.
Nicholas A. Migliaccio, Esq.
Esfand Nafisi, Esq.
Attorneys for Plaintiff

DATED: ~~June~~ July 8 ___, 2019

SACKS, RICKETTS & CASE LLP

_____
Luanne Sacks, Esq.
Michele Floyd, Esq.
Robert B. Bader, Esq.
Jacqueline Young, Esq.
Attorneys for Defendants

EXHIBIT A – CLAIM FORM

IMPORTANT LEGAL MATERIALS

## ELIGIBILITY AND GENERAL INSTRUCTIONS

**PLEASE READ THIS ENTIRE CLAIM FORM CAREFULLY. To obtain benefits from the Settlement, you may be required to complete and return this Claim Form.** Your completed Claim Form can be mailed to the Claim Administrator at [address] or submitted electronically via the **Settlement Website, at www.asuslaptopsettlement.com. Your Claim Form must be POSTMARKED BY [DATE] or SUBMITTED ONLINE NO LATER THAN [DATE] at 11:59 p.m., Pacific Time.**

You are eligible to submit a Claim for a Cash Payment or Credit Certificate under this Settlement if you have purchased any new ASUS Rog Strix GL502VS or GL502VSK laptop (the "Laptops") from ASUS Computer International or ASUSTeK Computer Inc. (collectively, "Defendants" or "ASUS") or an authorized ASUS retailer in the United States after May 4, 2014. If you purchased more than one Laptop, you can submit more than one claim but you must submit a separate Claim Form for each purchase.

Please read the Settlement Notice ("Notice") before you complete and submit this Claim Form. The Notice is available on the Settlement Website at www.asuslaptopsettlement.com. Defined terms (with initial capitals) used in the Notice have the same meaning as set forth in the Settlement Agreement, which is also available on the Settlement Website. By submitting this Claim Form, you acknowledge that you have read and understand the Notice and the Settlement Agreement. To receive the most current information and regular updates, please visit the Settlement Website at www.asuslaptopsettlement.com.

If you fail to timely submit a Claim Form, you may be precluded from receiving settlement benefits. If you are a member of the Class and you do not timely and validly seek to Opt Out of the Class, you will be bound by any judgment entered by the Court approving the Settlement regardless of whether you submit a Claim Form.

The information you provide on this Claim Form will not be disclosed to anyone other than the Court, the Claim Administrator, and the Parties in this case, and will be used only for purposes of administering this Settlement (such as to audit and review a claim for completeness, truth, and accuracy).

## BENEFIT INFORMATION

***Cash Payment or Credit Certificate.*** All Class Members may file a claim to receive a Cash Payment or Credit Certificate under Group A, B, or C as described in the following chart. NOTE: if you are a member of Group B and are seeking a Credit Certificate only, you do not need to complete this Claim Form. Group B claimants who choose a Cash Payment instead of a Credit Certificate must complete and submit this Claim Form. You do not have to submit a Claim Form to obtain repairs under the Extended Warranty. Information regarding the Extended Warranty is provided on the Settlement Website at www.asuslaptopsettlement.com.

| Summary of Group Membership | | | |
|---|---|---|---|
| Group | Group A | Group B | Group C |
| **Am I included?** | If there is proof that you purchased the Laptop. The following are acceptable forms of proof of purchase: | If you submitted a complaint to Defendants about the Power Defect and/or the Overheating Issue prior to March 19, | All other purchasers of the Laptop. |

**EXHIBIT A – CLAIM FORM**

| | (1) Proof of Purchase, such as a receipt; or (2) you purchased the Laptop from the ASUS Website; or (3) you registered the Laptop with Defendants prior to the Notice Date, as reflected by Defendants' records. | 2019. | |
|---|---|---|---|
| **What can I receive?** | $210 Credit Certificate *or* $110 Cash Payment | $210 Credit Certificate *or* $110 Cash Payment | $105 Credit Certificate *or* $55 Cash Payment |
| **Do I need to submit a Claim Form to receive benefits?** | Yes | No, **unless** you choose to receive a Cash Payment instead of a Credit Certificate. | Yes |
| **Am I required to state under penalty of perjury that my Laptop had the Power Defect and/or Overheating Issue?** | Yes | Yes, but only if you submit a Claim Form to obtain a Cash Payment. | Yes |
| **What information must I provide with my Claim?** | You must provide your Laptop Serial Number and, if you did not purchase your Laptop directly from the ASUS website or register your Laptop with Defendants prior to the Notice Date, you must also provide a Laptop Proof of Purchase. | You must provide your Laptop Serial Number. | You must provide your Laptop Serial Number. |
| **Can ASUS inspect my Laptop?** | Yes, subject to certain conditions, unless you submit a copy of a posting you made on Defendants' Website, forums, or chat room complaining about the Power Defect and/or the Overheating Issue (collectively, "Postings") prior to March 19, 2019. | No | No |

**Serial Number.** "Serial Number" means the serial number of the Laptop. The following webpage on

**EXHIBIT A – CLAIM FORM**

Defendants' Website provides information about how to determine the Laptop's Serial Number: https://www.asus.com/us/support/article/566/.

**Inspection.** Defendants' right to demand a Laptop inspection for Claims made under Group A is subject to the following conditions:

(a) Defendants must conduct the inspection, unless both Defendants and you agree to another party to conduct the inspection.

(b) At the election of Defendants, the inspection must be conducted (1) at your home or business; or (2) at an alternative inspection site, in which case Defendants pay any shipping costs incurred in delivering the Laptop.

(c) The inspection must be conducted within thirty (30) days of Defendants' demand for the inspection, unless otherwise agreed by you.

(d) Any demand for inspection must be accompanied by instructions informing you of the conditions set forth herein and of the right to refuse the inspection entirely, in which case the claim will be treated as a Group C Claim.

**Claim Administrator's Discretion.** Claims will be paid only if deemed valid and only after the Court finally approves the Settlement. The Claim Administrator has discretion that will be exercised in good faith to determine whether your Claim Form is complete and valid and whether the Proof of Purchase you submit, where required, is sufficient.

**Change of Residence.** You are responsible for keeping your contact information up to date with the Claim Administrator. The Claim Administrator will use the email address that you provide on this Claim Form to communicate with you if communication is necessary. If you move, or if your email address or other contact information changes after you submit this Claim Form, please contact the Claim Administrator at: [INFO].

**EXHIBIT A – CLAIM FORM**

## CLAIM FORM

| Claimant Information |
|---|

Claimant Name: _____

First Name                                         MI      Last Name

Street Address: _____

Street Address2: _____

City: _____ State: _____ Zip Code: _____

[optional] Daytime Phone Number: ( _____ ) _____ - _____

[optional] Evening Phone Number: ( _____ ) _____ - _____

[optional, unless you select a Credit Certificate] E-mail Address: _____

[optional] Class Member ID: _____

If you received a notice of this Settlement by U.S. mail, your Class Member ID is on the envelope or postcard.
If you received a notice of this Settlement by email, your Class Member ID is in the email.

| Group Election |
|---|

1.   Which Group do you want to file a claim under?

[] Group A          [] Group B (for Cash Payment only)          [] Group C

| Purchase Information |
|---|

2.   Have you purchased an ASUS Rog Strix GL502VS or GL502VSK laptop from Defendants or an authorized ASUS retailer since May 4, 2014 in the United States?

Yes                    No

3.   Which model Laptop did you purchase?

ASUS Rog Strix GL502VS                    ASUS Rog Strix GL502VSK

**EXHIBIT A – CLAIM FORM**

4.   What is the Serial Number of your Laptop? Instructions for how to determine the Serial Number of your Laptop can be found on the following webpage: https://www.asus.com/us/support/article/566/.

_____

5.   If you are submitting a Claim for a Cash Benefit under Group B, did you send a customer service request to Defendants about the Power Defect and/or the Overheating Issue prior to March 19, 2019?

Yes              No              [] Not applicable

6.      If you are submitting a Claim under Group A, and you did not purchase your Laptop from the ASUS website or register your Laptop with Defendants prior to the Notice Date, you must attach your Laptop Proof of Purchase to this form (if mailed) or upload your Laptop Proof of Purchase to the Settlement Website (if submitted online). Laptop Proof of Purchase means a receipt or other documentation from any Defendant or a third-party commercial source that reasonably establishes the fact and date of purchase of the Laptop by you during the Class Period in the United States.

**To provide Laptop Proof of Purchase, attach it to this form (if mailed) or upload it to the Settlement Website (if submitted online).**

| Benefit Election |
| --- |

7.   Do you wish to receive a Cash Payment or a Credit Certificate good toward the future purchase of Defendants' products?

Cash Payment              Credit Certificate

| **Inspection Demand – COMPLETE ONLY IF YOU SELECTED <u>GROUP A</u> IN RESPONSE TO QUESTION 1 ABOVE** |
| --- |

8.   If you are submitting a Claim under Group A, your Claim to receive a Settlement Benefit is subject to Defendants' right to demand inspection of your Laptop at their cost to verify whether it suffers from the Power Defect and/or Overheating Issue. If Defendants demand inspection of your Laptop, are you willing to provide the Laptop for the inspection?

Yes              No

9.   Did you previously post on the ASUS online forums or ASUS chat room (collectively, "Postings") prior to March 19, 2019 that your Laptop experienced the Power Defect and/or Overheating Issue? If so, you must attach a copy of the Postings to this form (if mailed) or upload a copy (if submitted online).

Yes              No

**To provide Postings, print and attach them to this form (if mailed) or upload it to the Settlement Website (if submitted online).**

**EXHIBIT A – CLAIM FORM**

| Certification under Penalty of Perjury |
|---|

**By signing below, you are signing under penalty of perjury. Signing under penalty of perjury means that the information you have provided in the Claim Form is true and correct to the best of your knowledge. It is a crime to submit a false Claim Form and sign under penalty of perjury.**

**I hereby certify under penalty of perjury that:**

1.  My Laptop suffered from the Power Defect and/or the Overheating Issue;
2.  The information provided in this Claim Form is accurate and complete to the best of my knowledge, information, and belief;
3.  The additional documentation information provided to the Claim Administrator to support my Claim is original or else a complete and true copy of the original(s);
4.  I am not (a) a Person who purchased or acquired the Laptop for resale purposes; (b) an employee, principal, legal representative, successor, or and assign of Defendants or their affiliated entities; (c) a government entity; (d) the mediator in this case or any member of his immediate family; nor (e) a judge to whom this Action is assigned, or any member of the judge's immediate family;
5.  I have not submitted any other Claim for the same purchase and have not authorized any other Person or entity to do so, and know of no other Person or entity having done so on my behalf;
6.  I understand that by not opting out of the Settlement, I have given a complete Release of all Released Claims; and
7.  I understand that Claims will be audited for veracity, accuracy, and fraud. Claims Forms that are not valid and/or illegible can be rejected.

Signature: _____   Dated: ___ ___ / ___ ___ / ___ ___ ___ ___

**EXHIBIT B1 – LONG FORM NOTICE**

---

### Attention purchasers of ASUS Rog Stix GL502VS and GL502VSK Laptops In the United States After May 4, 2014

---

### This notice may affect your rights. Please read it carefully.

*A federal court has authorized this notice. This is not a solicitation from a lawyer.*

- The notice concerns a lawsuit called *Carlotti, et al. v. ASUS Computer International, et al.*, No. 4:18-cv-03369, pending in the United States District Court for the Northern District of California (the "Lawsuit").

- A class action Settlement will resolve the Lawsuit against ASUS Computer International ("ACI") and ASUSTeK Inc. ("ASUSTek") (collectively, "Defendants"). The Settlement affects all Persons who purchased an ASUS Rog Stix GL502VS or GL502VSK laptop (the "Laptops") in the United States from Defendants or an authorized ASUS retailer after May 4, 2019.

- The Lawsuit contends that the Laptops were deceptively marketed as powerful, portable machines ideal for gaming and video editing with independent cooling systems to give the Laptops "stability required for intense gaming sessions." Plaintiff alleges that the Laptops are not suitable for their ordinary and advertised purpose because the Laptops' batteries drain even when the Laptops are connected to electrical outlets (the "Power Defect"). Plaintiff also alleges that the Laptops' cooling systems are not independent because they use one set of heatsinks to dissipate heat from both the graphics processing unit and computational processing unit, so the Laptops overheat, leading to physical discomfort and/or diminishing the Laptops' performance and durability (the "Overheating Issue").

- Defendants deny any wrongdoing. They contend that the Laptops have always been truthfully marketed and labeled and do not suffer from any common defects.

- To settle the case, Defendants will extend the warranty on the ASUS Rog Strix GL502VS laptops that experienced the Power Defect. In addition, Defendants will provide all eligible Class Members a Cash Payment or Credit Certificate. Class Members who are eligible for Qualifying Repairs under the Extended Warranty can also obtain either a Cash Payment or a Credit Certificate by filing a Claim. Instructions are set forth below.

- Defendants have the right to terminate the Settlement if more than 1,000 Class Members submit a timely and valid request to exclude themselves from the Settlement. If the Settlement is terminated, then the Lawsuit will proceed to trial.

- Plaintiff's lawyers will ask the Court for an Attorneys' Fee and Expense award of up to $787,500 which will be paid by Defendants. The Attorneys' Fees and Expenses award is compensation for investigating the facts, litigating the case, and negotiating the Settlement. They will also ask for $5,000 to be awarded to Plaintiff for bringing this Lawsuit. This payment is called an "Incentive Award."

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

This notice contains a summary of proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www.asuslaptopsettlement.com, or contact the Claim Administrator at [address] and [phone number].

Questions? Visit www.asuslaptopsettlement.com or call [phone number]

1

**EXHIBIT B1 – LONG FORM NOTICE**

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

| YOUR RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **Obtain Repairs Under the Extended Warranty** | If your ASUS Rog Strix GL502VS model laptop suffered from the Power Defect, you can contact ACI technical support using the following toll free number ([NUMBER]) for repairs.<br><br>You can use the Extended Warranty regardless of whether you file a claim form for the Cash Payment or Credit Certificate. | The later of: (i) three years from the date of purchase; (ii) 90 days from Final Approval; or (iii) 180 days from the date of a prior replacement of the internal power supply and/or power adapter by ASUS. |
| **Submit a Claim Form** | You can receive a Cash Payment or a Credit Certificate for a future purchase from ASUS. To get these benefits, you must submit a Claim Form.<br><br>If you already sent a customer service request to Defendants about a Power Defect and/or Overheating Issue prior to March 19, 2019, as reflected by Defendants' records, you will get the Credit Certificate automatically, without submitting a Claim Form. You must still submit a Claim Form under Group B if you want a Cash Payment instead. | [28 days prior to Final Approval] |
| **Opt Out** | Get out of the lawsuit and the Settlement. This is the only option that allows you to ever bring or join another lawsuit raising the same legal claims against the Defendants. You will receive no Cash Payment or Credit Certificate under this Settlement, and no right to obtain a Qualifying Repair under the Extended Warranty. | [28 days prior to Final Approval] |
| **File Objection** | Write to the Court about any aspect of the Settlement you don't like or you don't think is fair, adequate, or reasonable. (If you object to any aspect of the Settlement, you must submit a written Objection by the Objection Deadline noted above. Your objection must follow all the procedures stated in the body of this notice under "How Do I Object To the Settlement?") | [28 days prior to Final Approval] |
| **Go to a Hearing** | Speak in Court about the Settlement. (If you object to any aspect of the Settlement, you **must** submit a written Objection by the Objection Deadline noted above.) | [Final Approval Hearing Date] |
| **Do Nothing** | You will not receive any payment; also, you will have no right to sue later for the claims released by the Settlement. | |

• These rights and options—and the deadlines to exercise them—are explained in this notice.

Questions? Visit www.asuslaptopsettlement.com or call [phone number]

**EXHIBIT B1 – LONG FORM NOTICE**

- The Court in charge of this case still has to decide whether to approve the Settlement. Cash Payments and Credit Certificates will be sent to Settlement Class Members only if the Court approves the Settlement. If there are appeals, payments will not be made until the appeals are resolved and the Settlement becomes effective. Please be patient.

- **Final Approval Hearing**
  On **[DATE]**, the Court will hold a hearing to determine: (1) whether the proposed Settlement should be approved as fair, reasonable, and adequate and should receive final approval; (2) whether Plaintiff's Counsel's application for an award of Attorneys' Fees and Expenses should be granted; and (3) whether Plaintiff's application for an Incentive Award payment should be granted. The hearing will be held in the United States District Court of the Northern District of California, before Magistrate Judge Donna M. Ryu, in the Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, in courtroom 4 on the 3rd floor, or such other judge assigned by the Court. This hearing date may change without further notice to you. Consult the Settlement Website at www.asuslaptopsettlement.com, or the Court docket in this case available through Public Access to Court Electronic Records ("PACER") (http://www.pacer.gov), for updated information on the hearing date and time.

## Important Dates

| | |
|---|---|
| [28 days prior to Final Approval] | Claims Deadline |
| [28 days prior to Final Approval] | Objection Deadline |
| [28 days prior to Final Approval] | Opt-Out Deadline |
| [DATE] | Final Approval Hearing |

## Table of Contents

1. How Do I Know If I Am Affected by the Settlement? ........................................................ 1
2. What Is the Lawsuit About? .............................................................................................. 1
3. Why Is There a Lawsuit? .................................................................................................. 1
4. Why Is This Case Being Settled? ...................................................................................... 2
5. What Can I Get In the Settlement? ................................................................................... 2
6. How Do I Make A Claim? ................................................................................................. 5
7. When Do I Get My Benefits? ........................................................................................... 5
8. What Do Plaintiff and His Lawyers Get? ......................................................................... 5
9. What Happens If I Do Not Opt-Out of the Settlement? .................................................... 6
10. How Do I Opt-Out From the Settlement? ......................................................................... 7
11. Can I Object To the Settlement? ....................................................................................... 7
12. When Will The Court Decide If the Settlement Is Approved? .......................................... 8
13. How Do I Get More Information? ..................................................................................... 8

1.      **How Do I Know If I Am Affected by the Settlement?**

This case involves the ASUS Rog Strix GL502VS and the ASUS Rog Strix GL502VSK laptop computers (the "Laptops") purchased in the United States since May 4, 2014.

The Parties will ask the Court to certify a Settlement Class defined as "all persons in the United States who purchased a new ASUS Rog Strix GL502VS or ASUS Rog Strix GL502VSK laptop computer from Defendants or an authorized retailer of Defendants between May 4, 2014 and the date Preliminary Approval is entered." Excluded from the Class are: (i) the Honorable Magistrate Ryu and any member of her immediate family; (ii) any government entity; (iii) Martin Quinn and any member of his immediate family; (iv) Defendants; (v) any entity in which Defendants have a controlling interest; (vi) any of Defendants' parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; (vi) any persons who timely opt out of the Settlement Class; (vii) any Person who received a full refund of the entire purchase price from ASUS or a retailer in connection with the Power Defect or Overheating Issue alleged in the Lawsuit; (viii) any Person who received a full refund of the Laptop's entire purchase price from ASUS or a retailer in connection with the Power Defect, Overheating Issue, or heat-related issues alleged in the Lawsuit; and (ix) Any Person who signed a release regarding their Laptop.

If the Settlement does not become effective (for example, because it is not finally approved, or the approval is reversed on appeal), then this litigation will continue.

2.      **What Is the Lawsuit About?**

A lawsuit was brought by Plaintiff against Defendants for marketing the Laptops as powerful, portable machines ideal for gaming and video editing with independent cooling systems to give the Laptops "stability required for intense gaming sessions." Plaintiff alleges that the Laptops are not suitable for their ordinary and advertised purpose of gaming and video editing because they uniformly suffer from a defect that causes the Laptops' batteries to drain even when the Laptops are connected to, and drawing power from, electrical outlets (the "Power Defect"). Plaintiff also alleges that contrary to Defendants' marketing representations, the Laptops' cooling system uses a unitary set of heatsinks to dissipate heat from the graphics processing unit ("GPU") and computational processing unit ("CPU"). Plaintiff alleges that heat generated by computationally or graphically demanding programs overloads the unitary cooling system's ability to dissipate heat from the CPU and GPU and causes the Laptop to overheat to the point of causing physical discomfort and/or diminishing the Laptops' performance and durability (the "Overheating Issue"). Plaintiff additionally alleges that Defendants failed to honor their warranties for the Laptops because Defendants responded to requests for warranty repairs by replacing the Laptops' defective components with identical and equally defective components. Defendants deny that there is any factual or legal basis for Plaintiff's allegations. Defendants contend that its Laptops do not suffer from the Power Defect or Overheating Issue, deny making any misrepresentations and, therefore, deny any liability. They also deny that Plaintiff or any other members of the Settlement Class have suffered any injury or are entitled to monetary or other relief. The Court has not determined whether Plaintiff or Defendants are correct.

3.      **Why Is There a Lawsuit?**

While Defendants deny that there is any legal entitlement to a refund or any other monetary relief, Plaintiff contends that the Defendants caused consumers to purchase the Laptops when they

Questions? Visit www.asuslaptopsettlement.com or call [phone number]

1

would not otherwise have done so and/or the Defendants caused consumers to pay more for the Laptops as a result of Defendants' failure to disclose the Power Defect or Overheating Issues. The lawsuit seeks to recover, on behalf of all Settlement Class Members, monetary damages as a result of the alleged misrepresentations.

## 4. Why Is This Case Being Settled?

Plaintiff filed his original lawsuit on May 4, 2018 in Alameda Superior Court. This lawsuit was removed to the United States District Court of the Northern District of California on June 7, 2018.

Plaintiff's Counsel conducted a thorough examination and investigation of the facts and law relating to the matters in the Litigation, which included extensive formal and informal discovery, the retention and consultation of an electrical engineering expert, requesting and receiving written discovery responses from ACI, examining Defendants' documents, and questioning Defendants about their documents.

On March 19, 2019, the Parties participated in an all-day mediation conducted by Honorable Martin Quinn at JAMS in San Francisco, California.

Counsel for both Plaintiff and Defendants have determined that there is significant risk in continuing the litigation. In particular, Plaintiff may have substantial difficulty establishing: (1) that all the Laptops uniformly experienced the Power Defect and Overheating Issues, (2) that Defendants' marketing materials were likely to deceive reasonable consumers, (3) that omissions in the marketing materials were material to reasonable consumers, (4) the amount of damages or restitution due to the class or to any class member, and (5) that common questions predominate over individual issues such that a class may be certified. After considering the risks and costs of further litigation, the Parties have concluded that it is desirable that the Plaintiff's claims be settled and dismissed on the terms of the Settlement Agreement.

Plaintiff and his counsel believe that the terms and conditions of the Settlement are fair, reasonable, adequate, and equitable, and that the Settlement is in the best interest of the Settlement Class Members.

## 5. What Can I Get In The Settlement?

### Extended Warranty

ACI agreed to extend the warranty on all ASUS Rog Strix GL502VS laptops to cover all "Qualifying Repairs" until the later of: (i) three years from the date of purchase; (ii) 90 days from Final Approval; or (iii) 180 days from the date of a prior replacement of the internal power supply and/or power adapter by ASUS ("Extended Warranty"). The "Qualifying Repairs" are replacements of the motherboard and/or AC power adapters as necessary to resolve the Power Defect.

To obtain a Qualifying Repair, the you must contact ACI technical support using the following toll free number ([NUMBER]), and follow ACI's instructions for shipping your ASUS Rog Strix GL502VS to a repair facility for repairs. If ASUS determines that your Rog Strix GL502VS Laptop is entitled to a Qualifying Repair, then ACI will repair it at no charge to you. If ASUS determines that your Rog Strix GL502VS Laptop is not entitled to a Qualifying Repair, and the laptop is not eligible for other repairs under its existing warranty, then ACI will offer to repair the laptop at your expense.

Questions? Visit www.asuslaptopsettlement.com or call [phone number]

2

You are entitled to Extended Warranty repairs without filing a Claim Form. Additionally, you can also choose to use the Extended Warranty and separately obtain the Cash Payment or Credit Certificate by filing a Claim Form as set forth below.

### *Cash Payment or Credit Certificate*

You may file a claim to receive Cash Payment or Credit Certificate regardless of whether you opt to receive Qualifying Repairs under the Extended Warranty described above.

**To receive a Cash Payment, you must fill out and submit a Claim Form.** Cash Payments will be paid by check sent via first-class mail to the mailing address you provide on the Claim Form or by direct deposit into your bank account, or another form of electronic transfer (such as Paypal, Venmo, Google Wallet, or Square Cash). Instructions are provided on the Claim Form.

**Credit Certificates can be redeemed towards the purchase of any one or more ASUS products** at https://store.asus.com/us, not including shipping costs or taxes. Credit Certificates are fully transferrable and are stackable, meaning that more than one Credit Certificate may be used towards a single purchase. No minimum purchase is required to redeem a Credit Certificate. If the total amount of the purchase (before shipping and taxes) is less than the amount of the Credit Certificate(s) redeemed during the purchase transaction, the Credit Certificates shall have no residual value. The Credit Certificate can be combined with any other credit, voucher, coupon, sale, or other discount of any kind and will not expire for two years after issuance. Credit Certificates have no cash value and cannot be used for any purpose other than as stated in this section.

The amount and type of Settlement Benefit that Settlement Class Members are entitled to receive depends on whether he or she is a member of Group A, B, or C.

**Group A:** You are in Group A if you are a Settlement Class Member and you (1) have a Laptop Proof of Purchase; or (2) purchased a Laptop directly from the ASUS Website; or (3) registered a Laptop with ASUS prior to the Notice Date, as reflected by ASUS' records. Members of Group A can choose between a $210 Credit Certificate or a $110 Cash Payment. To submit a Group A Claim, you must provide the Laptop's Serial Number and, if the you did not purchase the Laptop directly from the ASUS website or register the Laptop with ASUS prior to the Notice Date, then you must also provide a Laptop Proof of Purchase. Defendants have the right to demand inspection of your Laptop to verify whether it suffers from the Power Defect and/or Overheating Issue. However, Defendants may not demand to inspect your Laptop if you made a posting regarding the Power Defect or Overheating Issue on Defendants' Website, forums, or chat room (collectively, "Postings") prior to March 19, 2019 you submit a copy of such Postings with your Claim Form.

**Group B:** You are in Group B if you submitted a complaint about the Power Defect and/or Overheating Issue to Defendants' customer service department prior to March 19, 2019. If Defendants have your contact information, then you will automatically receive a $210 Credit Certificate. You do not need to submit a Claim Form. You may opt to receive a $110 Cash Payment instead, but if you want the Cash Payment, then you have to submit a Claim Form.

**Group C:** You are in Group C if you are a Class Member but you are not in Group A or B. Members of Group C can receive either a $105 Credit Certificate or a $55 Cash Payment. You must fill out a Claim Form and you must provide your Laptop's Serial Number.

Questions? Visit www.asuslaptopsettlement.com or call [phone number]

3

| Summary of Group Membership | | | |
|---|---|---|---|
| Group | Group A | Group B | Group C |
| How do I know if I am included? | If you (1) have the Laptop Proof of Purchase; (2) purchased the Laptop from the ASUS Website; or (3) registered the Laptop with ASUS prior to the Notice Date, as reflected by ASUS' records. | If you sent a customer service request to Defendants about the Power Defect and/or the Overheating Issue prior to March 19, 2019. | All other purchasers of the Laptop. |
| What can I receive? | $210 Credit Certificate *or* $110 Cash Payment | $210 Credit Certificate *or* $110 Cash Payment | $105 Credit Certificate *or* $55 Cash Payment |
| Do I need to submit a Claim Form to receive benefits? | Yes | No. You will automatically receive a Credit Certificate. If you want to receive a Cash Payment instead, you must submit a Claim Form. | Yes |
| Am I required to swear that my Laptop had the Power Defect and/or Overheating Issue? | Yes | Yes, but only if you submit a Claim Form to obtain a Cash Payment. | Yes |
| What information must I provide with my Claim? | You must provide your Laptop Serial Number and, if you did not purchase your Laptop directly from the ASUS website or register your Laptop with ASUS prior to the Notice Date, you must also provide a Laptop Proof of Purchase. | You must provide your Laptop Serial Number. | You must provide your Laptop Serial Number. |
| Can ASUS inspect my Laptop? | Yes, subject to certain conditions, unless you submit a copy of a posting you made on Defendants' Website, forums, or chat room (collectively, "Postings") prior to March 19, 2019. | No | No |

"Serial Number" means the serial number of the Laptop. The following webpage on Defendants' Website provides information about how to determine the Laptop's Serial Number: https://www.asus.com/us/support/article/566/.

Defendants' right to demand a Laptop inspection for Claims made under Group A is subject to the following conditions:

Questions? Visit www.asuslaptopsettlement.com or call [phone number]

4

(a) The inspection must be conducted by ACI, unless both Defendants and the Settlement Class Member agree otherwise.

(b) At the election of the Defendants, the inspection must be conducted (1) at the home or business of the Settlement Class Member; or (2) at an alternative inspection site, in which case Defendants pay any shipping costs incurred in delivering the Laptop.

(c) The inspection must be conducted within thirty days of Defendants' demand for the inspection, unless otherwise agreed by Settlement Class Member.

(d) Any demand for inspection must be accompanied by instructions informing the Settlement Class Member of the conditions set forth herein and of the right to refuse the inspection entirely, in which case the claim will be treated as a Group C Valid Claim.

Claims will be paid only if deemed valid and only after the Court finally approves the Settlement.

## 6.    How Do I Make A Claim?

To make a Claim, you must fill out a Claim Form. Claim Forms are available on the Settlement Website at **www.asuslaptopsettlement.com**. You can submit the Claim Form online, or you can print it and mail it to the Claim Administrator at: [address]. Claim Forms must be submitted online or postmarked by [DATE]. Cash Payments and Credit Certificates will be issued only if the Court gives final approval to the proposed Settlement and after the Final Approval is no longer subject to appeal. Please be patient as this may take months or even years in the event of an appeal.

## 7.    When Do I Get My Benefits?

The Court will decide whether to approve the settlement at a Final Approval Hearing. That hearing is currently scheduled for [DATE].

Extended Warranty: If the Court approves the Settlement, the Extended Warranty will be made available beginning on the date of Final Approval. The Extended Warranty will continue to be honored unless the approval of the Settlement is reversed on appeal.

Cash Payments and Credit Certificates: If the Court approves the Settlement and there are no appeals, then Cash Payments and Credit Certificates will be distributed approximately 45 days after the Settlement is no longer subject to appeal or review, unless otherwise ordered by the Court. If the Court does not approve the Settlement, or if the Settlement is overturned on appeal, no benefit checks or credit certificates will be issued.

## 8.    What Do Plaintiff and His Lawyers Get?

To date, Plaintiff's Counsel has not been compensated for any of their work on this case. As part of the Settlement, Plaintiff's Counsel may apply to the Court for an award of up to $787,500 from Defendants to pay their Attorneys' Fees and Expenses. An award to Plaintiff's Counsel does not affect the funds available to pay Valid Claims.

In addition, the Plaintiff in this case may apply to the Court for an Incentive Award up to $5,000. This payment is designed to compensate Plaintiff for the time, effort, and risks he undertook in pursuing this litigation.

Questions? Visit www.asuslaptopsettlement.com or call [phone number]

5

A copy of Plaintiff's Counsel's request for an award of Attorneys' Fees and Expenses and an Incentive Award is available on the Settlement Website. The Court will determine the amount of Attorneys' Fees and Expenses as well as the amount of the Incentive Award.

9.  **What Happens If I Do Not Opt Out of the Settlement?**

If you are a Settlement Class Member and you do not Opt Out of the Settlement, you will be legally bound by all orders and judgments of the Court, and you will also be legally bound to the Releases of the claims in the Settlement. This means that in exchange for being a Settlement Class Member and being eligible for the benefits of the Settlement, you will not be able to sue, continue to sue, or be part of any other lawsuit against ASUS Computer International Inc., ASUSTeK Inc., and/or any of the Released Parties that involves the same legal allegations as those resolved through this Settlement.

**You will not be responsible for any out-of-pocket costs or attorneys' fees concerning this case if you stay in the Settlement Class.**

Staying in the Settlement Class means that you give up the following legal claims:

a)  Upon the Effective Date and without any further action by the Court or by any Party to this Agreement, Settlement Class Members (except any such Person who has filed a proper any timely request for exclusion from the Settlement Class), including any Person claiming derivative rights of the Settlement Class Member as the Settlement Class Member's parent, child, heir, guardian, associate, co-owner, attorney, agent, administrator, executor, devisee, predecessor, successor, assignee, assigns, representative of any kind, shareholder, partner, director, employee or affiliate, shall release and forever discharge the Released Parties from any and all actions, causes of actions, claims, administrative claims, demands, rights, damages, obligations, suits, debts, liens, penalties, fines, contracts, agreements, judgments, expenses, costs, liabilities, and causes of action of every nature and description, whether known or unknown, suspected or unsuspected, existing now or arising in the future that were or could have been asserted in the Action regarding the labeling, advertising, or formulation of the Products (the "Released Claims").

b)  With respect to the released claims set forth in the preceding paragraph, each Settlement Class Member shall be deemed to have waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits conferred by any law of any state of the United States, or principle of common law or otherwise, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Questions? Visit www.asuslaptopsettlement.com or call [phone number]

6

The Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases. In connection with such waivers and relinquishment, the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

c) The Parties shall be deemed to have agreed that the release set forth herein will be and may be raised as a complete defense to and will preclude any action or proceeding based on the Released Claims.

d) Nothing in this release shall operate to bar or release any claim for personal injury or property damage arising out of the use of the Product, nor shall anything in this release operate to bar any defense, cross-claim or counter-claim in any action initiated by any of the Released Parties against any Settlement Class Member.

## 10.     How Do I Opt Out of the Settlement?

You can Opt Out of the Settlement Class if you wish to retain the right to sue Defendants separately for the Released Claims. If you Opt Out, you cannot file a Claim or Objection to the Settlement.

To Opt Out, you must complete the online form at the Settlement Website or mail an Opt-Out request to the Claim Administrator at [info], with copies mailed to Plaintiff's Counsel and counsel for Defendants. If mailed, the Opt-Out request must be signed by you, contain your full name, address, and phone number(s), and the following statement: "I/We request to Opt Out from the settlement in the ASUS Action." The Opt-Out request must be submitted online or postmarked by the Opt-Out Deadline set forth above.

## 11.     Can I Object to the Settlement?

You can ask the Court to deny approval of the Settlement by timely filing an Objection with the Court. You can't ask the Court to change the terms of the Settlement or order a larger Settlement Benefits; the Court can only approve or disallow the Settlement as it is written. If the Court does not approve the Settlement, then no Cash Payments or Credit Certifciates will be sent out, and the Lawsuit will continue.

You can also ask the Court to deny Plaintiff's request for Attorneys' Fees and Expenses and the Incentive Award. If the Court does not approve those payments, then Plaintiff and/or his counsel will not get paid. Denying Plaintiff's motion for Attorneys' Fees and Expenses and Incentive Award will not increase the amount of money paid to the Settlement Class.

You may appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. If you want to raise

an objection to the Settlement at the Final Approval Hearing, you must first submit that objection in writing to the Clerk of the Court as set forth below. **Your objection must be postmarked and received on or before the Objection Deadline.**

Your objection must be mailed to: Class Action Clerk, United States District Court for the Northern District of California, Oakland Courthouse, Suite 400 S, 1301 Clay Street, Oakland, CA 94612, by the Objection Deadline set forth above. Your Objection must include the following information: (a) a reference at the beginning to this case, *Carlotti v. ASUS Computer International et al.*, Case No. 4:18-cv-03369, and the name of the presiding judge, the Magistrate Judge Donna M. Ryu, United States District Court for the Northern District of California; (b) the name, address, telephone number, and, if available, the email address of the Person objecting, and if represented by counsel, of his/her counsel; (c) a written statement of all grounds for the Objection, accompanied by any legal support for such Objection; (d) whether he/she intends to appear at the Final Approval Hearing, either with or without counsel; (e) a statement of his/her membership in the Settlement Class, including all information required by the Claim Form; and (f) a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any federal or state court in the United States in the previous five (5) years. If the Settlement Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials provided in connection with the Objection to this Settlement. If you fail to include this information, then your objection may be rejected and/or overruled.

You can file a Claim even if you object to the Settlement. If you want to receive benefits in the event that the Court approves the Settlement, then you must submit a Claim Form according to the instructions described above.

## 12.    When Will The Court Decide If the Settlement Is Approved?

The Court will hold a hearing on [DATE], to consider whether to approve the Settlement. The hearing will be held in the United States District Court of the Northern District of California, before the Magistrate Judge Donna M. Ryu, in the Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, in courtroom 4 on the 3rd floor, or such other judge assigned by the Court.

The hearing is open to the public. This hearing date may change without further notice to you. Consult the Settlement Website at www.asuslaptopsettlement.com or the Court docket in this case available through Public Access to Court Electronic Records PACER (http://www.pacer.gov), for updated information on the hearing date and time.

## 13.    How Do I Get More Information?

You can inspect many of the court documents connected with this case on the Settlement Website. Other papers filed in this lawsuit are available by accessing the Court docket in this case available through PACER (http://www.pacer.gov).

You can contact the Claim Administrator at [info] or by telephone at [info].

You can also obtain additional information by contacting Plaintiff's Counsel:

Questions? Visit www.asuslaptopsettlement.com or call [phone number]

Seth A. Safier
GUTRIDE SAFIER LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Tel: 415-639-9090
www.gutridesafier.com

**DO NOT CONTACT THE ATTORNEYS FOR THE DEFENDANTS.**

Questions? Visit www.asuslaptopsettlement.com or call [phone number]

9

**EXHIBIT B2 – EMAIL NOTICE**

| | |
|---|---|
| To: | [Class member email address] |
| From: | ASUS Class Action Claim Administrator |
| Subject: | Notice of Class Action Settlement |

_____

<<Class Member ID>>

### IF YOU BOUGHT A NEW ASUS ROG STRIX GL502VS OR GL502VSK LAPTOP AFTER MAY 4, 2014 IN THE UNITED STATES, THIS CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.

*A federal court authorized this notice. This is not a solicitation from a lawyer and you aren't being sued.*

- A proposed Settlement has been reached in a class action lawsuit against ASUS Computer International and ASUStek Computer, Inc. (collectively "ASUS"). As explained in greater detail below, the lawsuit challenged the marketing of ASUS ROG Strix GL502VS and GL502VSK laptops (collectively referred to as the "Laptops"). ASUS denies that it did anything wrong. The Court has not decided who is right in the lawsuit.

- If you purchased a Laptop in the United States after May 4, 2014 from ASUS or one of its authorized retailers, then you are a Class Member and may be eligible to submit a claim to receive your choice of a Cash Payment (in the amount of either $110 or $55) or a Credit Certificate (in the amount of either $210 or $105). In addition, all Class Members who purchased a ROG Strix GL502VS model Laptop will be entitled to obtain Qualifying Repairs under an Extended Warranty. The Extended Warranty is explained in greater detail below.

- Your legal rights are affected whether you act or do not act. Read this Notice and the information on this Settlement Website carefully. Your rights and options, and the deadlines to exercise them, are explained in this Notice.

- The Court will decide whether to approve the Settlement. Proposed payments to Class Members who do not exclude themselves from the Settlement will be made if the Court approves the Settlement. Please be patient and check this Settlement Website (www.asuslaptopsettlement.com) to find out when the cash payments may be available.

- The following chart summarizes your rights and options under the Settlement. Your rights and options under the Settlement are more fully explained in the remainder of this Notice, so please read it in its entirety.

| YOUR RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **Obtain Repairs Under the Extended Warranty** | If your ASUS Rog Strix GL502VS model laptop suffered from the Power Defect, you can contact ACI technical support using the following toll free number ([NUMBER]) for repairs.<br><br>You can use the Extended Warranty regardless of whether you file a claim form for the Cash Payment or Credit Certificate.<br><br>**NOTE: The Extended Warranty applies only to model GL502VS Laptops.** | The later of: (i) three years from the date of purchase; (ii) 90 days from Final Approval; or (iii) 180 days from the date of a prior replacement of the internal power supply and/or power adapter by ASUS. |
| **Submit a Claim Form** | You can receive a Credit Certificate for a future purchase from ASUS or a Cash Payment. To get these benefits, you must submit a Claim Form.<br><br>If you already sent a customer service request to Defendants about a Power Defect and/or Overheating Issue prior to March 19, 2019, as reflected by Defendants' records, you will get the Credit Certificate automatically, without submitting a Claim Form. You must still submit a Claim Form under Group B if you want a Cash Payment instead of the Credit Certificate. | [28 days prior to Final Approval] |
| **Opt Out** | Get out of the lawsuit and the Settlement. This is the only option that allows you to ever bring or join another lawsuit raising the same legal claims against the Defendants. You will receive no Cash Payment or Credit Certificate under this Settlement, and no right to obtain a Qualifying Repair under the Extended Warranty. | [28 days prior to Final Approval] |
| **File Objection** | Write to the Court about any aspect of the Settlement you don't like or you don't think is fair, adequate, or reasonable. If you object to any aspect of the Settlement, you must submit a written Objection by the Objection Deadline noted above. Your Objection must follow all the procedures stated in the body of this notice under "How Do I Object To the Settlement?" | [28 days prior to Final Approval] |
| **Go to a Hearing** | Speak in Court about the Settlement. If you object to any aspect of the Settlement, you **must** submit a written Objection by the Objection Deadline noted above. | [Final Approval Hearing Date] |
| **Do Nothing** | You will not receive a Cash Payment, but you may receive a Credit Certificate if you previously sent a customer service request to Defendants regarding the Power Defect or the Overheating Issue. You will have no right to sue later for the claims released by the Settlement. | |

**EXHIBIT B2 – EMAIL NOTICE**

### Why Am I Receiving This Notice?

You are receiving this notice because, according to our records, you may have purchased an ASUS Rog Strix GL502VS or GL502VSK laptop (collectively, the "Laptops") in the United States after May 4, 2014. This notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement at www.asuslaptopsettlement.com, or contact the Claim Administrator at [address] and [phone number].

### What's This Litigation About?

A proposed class action Settlement has been reached in a case against ASUS Computer International ("ACI") and ASUSTeK Computer Inc. ("ASUSTek") (collectively, "Defendants") entitled *Carlotti, et al. v. ASUS Computer International, et al.*, No. 4:18-cv-03369, filed in the United States District Court for the Northern District of California. Plaintiff alleges that the Laptops were deceptively marketed as powerful, portable machines ideal for gaming and video editing with independent cooling systems to give the Laptops "stability required for intense gaming sessions." Plaintiff alleges that the Laptops are not suitable for their ordinary and advertised purpose because the Laptops' batteries drain even when the Laptops are connected to electrical outlets (the "Power Defect"). Plaintiff also alleges that the Laptops' cooling systems are not independent because they use one set of heatsinks to dissipate heat from both the graphics processing unit and computational processing unit, so the Laptops overheat, leading to physical discomfort and/or diminishing the Laptops' performance and durability (the "Overheating Issue"). Defendants deny any wrongdoing. If the Settlement is approved by the Court, then you may be eligible to receive either a Credit Certificate or Cash Payment. In addition, Defendants will provide eligible purchasers of the ASUS Rog Strix GL502VS model laptops that experienced the Power Defect an Extended Warranty for Qualifying Repairs.

### Am I A Class Member?

You are a Class Member if you purchased a new Laptop in the United States from Defendants or an authorized ASUS retailer after May 4, 2014 and you did not make your purchase for the purpose of resale.

### What are the Settlement Benefits?

There are three different types of settlement benefits: the Extended Warranty, a Cash Payment, and a Credit Certificate. The type and amount of benefits that you are eligible to receive depends on the model of the Laptop that you purchased and whether you have proof that you purchased the Laptop.

***Extended Warranty.*** If you purchased an ASUS Rog Strix GL502VS laptop, then you are automatically eligible for extended warranty service for Qualifying Repairs. The Extended Warranty will remain in effect until the later of: (i) three years from the date of purchase; (ii) 90 days from Final Approval; or (iii) 180 days from the date of a prior replacement of the internal power supply and/or power adapter by ASUS ("Extended Warranty"). The Qualifying Repairs are repairs to and/or replacements of the motherboard and/or AC power adapters as necessary to resolve the Power Defect.

To obtain a Qualifying Repair, you must contact Defendants' technical support using the following toll free number ([NUMBER]), and follow Defendants' procedure for shipping your ASUS Rog Strix GL502VS laptop to a repair facility for repairs.

You do not need to file a Claim Form to obtain Qualifying Repairs under the Extended Warranty. However, you may still file a Claim Form to receive a cash payment or a Credit Certificate regardless of whether you obtain Qualifying Repairs under the Extended Warranty.

***Cash Payment or Credit Certificate.*** You can receive a Cash Payment or a Credit Certificate that can be redeemed towards the purchase of any one or more products from Defendants at

**EXHIBIT B2 – EMAIL NOTICE**

https://store.asus.com/us, not including shipping or taxes, consistent with the terms of the Settlement. As explained in the chart below, you must submit a Claim to receive a Cash Payment. If you choose a Credit Certificate instead, then you still must submit a Claim Form *unless* you submitted a complaint to Defendants regarding the Power Defect or Overheating issue before March 19, 2019. If you submitted a complaint to Defendants about a Power Defect and/or Overheating Issue prior to March 19, 2019, and that complaint is reflected in Defendants' records, then you will get the Credit Certificate automatically and need not submit a Claim Form unless you want the Cash Payment instead. The following chart summarizes eligibility for a Cash Payment or Credit Certificate:

| Summary of Group Membership | | | |
|---|---|---|---|
| **Group** | **Group A** | **Group B** | **Group C** |
| **Am I included?** | If there is proof that you purchased the Laptop. The following are acceptable forms of proof of purchase: (1) Proof of Purchase, such as a receipt; or (2) you purchased the Laptop from the ASUS Website; or (3) you registered the Laptop with Defendants prior to the Notice Date, as reflected by Defendants' records. | If you submitted a complaint to Defendants about the Power Defect and/or the Overheating Issue prior to March 19, 2019. | All other purchasers of the Laptop. |
| **What can I receive?** | $210 Credit Certificate *or* $110 Cash Payment | $210 Credit Certificate *or* $110 Cash Payment | $105 Credit Certificate *or* $55 Cash Payment |
| **Do I need to submit a Claim Form to receive benefits?** | Yes | No, **unless** you choose to receive a Cash Payment instead of a Credit Certificate. | Yes |
| **Am I required to state under penalty of perjury that my Laptop had the Power Defect and/or Overheating Issue?** | Yes | Yes, but only if you submit a Claim Form to obtain a Cash Payment. | Yes |
| **What information must I provide with my Claim?** | You must provide your Laptop Serial Number and, if you did not purchase your Laptop directly from the ASUS website or register your Laptop with Defendants prior to the Notice Date, | You must provide your Laptop Serial Number. | You must provide your Laptop Serial Number. |

**EXHIBIT B2 – EMAIL NOTICE**

| | you must also provide a Laptop Proof of Purchase. | | |
|---|---|---|---|
| **Can ASUS inspect my Laptop?** | Yes, subject to certain conditions, unless you submit a copy of a posting you made on Defendants' Website, forums, or chat room complaining about the Power Defect and/or the Overheating Issue (collectively, "Postings") prior to March 19, 2019. | No | No |

**Serial Number.** "Serial Number" means the serial number of the Laptop. The following webpage on Defendants' Website provides information about how to determine the Laptop's Serial Number: https://www.asus.com/us/support/article/566/.

**Inspection.** Defendants' right to demand a Laptop inspection for Claims made under Group A is subject to the following conditions:

(a) Defendants must conduct the inspection, unless both Defendants and you agree to another party to conduct the inspection.

(b) At the election of Defendants, the inspection must be conducted (1) at your home or business; or (2) at an alternative inspection site, in which case Defendants pay any shipping costs incurred in delivering the Laptop.

(c) The inspection must be conducted within thirty (30) days of Defendants' demand for the inspection, unless you agree otherwise.

(d) Defendants' demand for inspection must be accompanied by instructions informing you of the conditions set forth herein and of the right to refuse the inspection entirely, in which case the claim will be treated as a Group C Claim (see chart above for details).

Valid claims will be paid only after the Court finally approves the Settlement.

**How Do I Make A Claim for a Cash Payment or Credit Certificate?**
To obtain any benefit other than the Group B automatic Credit Certificate, you must fill out the Claim Form which is available on the Settlement Website at: www.asuslaptopsettlement.com. You can submit the Claim Form online, or you can print it and mail it to the Claim Administrator at: [address]. Claim Forms that are submitted online must be received by the Claim Administrator by 11:59 p.m. Pacific Time on [DATE], and Claims Forms that are mailed must be postmarked by [DATE]. Cash Payments and Credit Certificates will be issued only if the Court grants Final Approval to the proposed Settlement and after Final Approval is no longer subject to appeal. Please be patient as this may take months or even years in the event of an appeal.

**What are my rights?**
You may make a Claim and/or receive Qualifying Repairs under the Extended Warranty, Object, Opt Out, or do nothing. **To receive a Cash Payment or Credit Certificate,** you must <link>submit a Claim</link>, online or by mail, by [DATE]. **To receive a Qualifying Repair**

EXHIBIT B2 – EMAIL NOTICE

**under the Extended Warranty,** you must contact Defendants' technical support using the following toll free number ([NUMBER]), and follow Defendants' instructions for shipping the laptop to a repair facility. If you **Opt Out of the Settlement**, you may pursue a separate lawsuit, but you will receive no payment. Your Opt-Out request must be submitted online or postmarked by [DATE]. If you do not Opt Out, you give up your right to bring a separate lawsuit. **To Object**, you must submit a written Objection that complies with the requirements in the applicable Settlement Notice available at www.asuslaptopsettlement.com. Your Objection must be filed with the Court by [DATE]. **Do nothing**, and you will not receive a payment and you will release claims against Defendants that relate to the Allegations in the lawsuit. Please see the Settlement Website at www.asuslaptopsettlement.com for more details for submitting an objection or opt-out request.

### What Will Happen Next?

The Court will hold a Final Approval Hearing on [DATE] to consider whether to approve the Settlement. The hearing will be held in the United States District Court for the Northern District of California, before Magistrate Judge Donna M. Ryu, in the Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, in courtroom 4 on the 3rd floor, or such other judge assigned by the Court. The date may change without further notice to you. You are advised to check the Settlement Website at www.asuslaptopsettlement.com or the Court's Public Access to Court Electronic Records ("PACER") system at https://ecf.uscourts.gov site to confirm that the date has not been changed. The Court will decide whether to approve the Settlement and whether to award Attorneys' Fees and Expenses of up to $787,500 and an Incentive Award of up to $5,000 to Plaintiff. The motion for Attorneys' Fees and Expenses and an Incentive Award will be posted on www.asuslaptopsettlement.com after it is filed. You may, but don't have to, attend the hearing. Cash Payments and Credit Certificates will be issued to Settlement Class Members only if the Settlement is approved and after any Objections are resolved. Please be patient.

### How Can I Get More Information?

For more information, visit www.asuslaptopsettlement.com or contact the Claim Administrator at [info] or by telephone at [info]. You can access the Court docket in this case, for a fee, through the Court's PACER, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. You can also obtain additional information by contacting Class Counsel at: Seth A. Safier, Gutride Safier LLP, 100 Pine Street, Suite 1250, San Francisco, CA 9411/Tel: 415-639-9090.

**PLEASE DO NOT CONTACT DEFENDANTS OR TELEPEHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THE SETTLEMENT OR THE CLAIMS PROCESS.**

**EXHIBIT B3 – ONLINE NOTICE**

<u>**Online Banner Ad**</u>

**ASUS Rog Strix GL502VS or GL502VSK Model Laptop Purchasers After May 4, 2014.**
**You May Be Entitled to a Cash Payment or Credit Certificate from a Class Action Settlement.**
**Learn more**

<u>**Mobile Banner Ad**</u>

**ASUS Rog Strix GL502VS or GL502VSK Model Laptop Purchasers After May 4, 2014:**
**You May Be Entitled to a Cash Payment or Credit Certificate from a Class Action Settlement.**

<u>**Social Media Ad**</u>

**Text:** ASUS Rog Strix GL502VS or GL502VSK Model Laptop Purchasers after May 4, 2014 - You May Be Entitled to a Cash Payment or Credit Certificate from a Class Action Settlement.

**Headline:** ASUS Rog Strix Laptop Settlement

**Website:** www.asuslaptopsettlement.com

**Description:** Court Authorized Notice

**EXHIBIT B4 – PUBLICATION NOTICE**

**IF YOU PURCHASED AN ASUS ROG STRIX GL502VS OR GL502VSK LAPTOP AFTER MAY 4, 2014, A CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.**

A proposed class action settlement has been reached in a case entitled *Carlotti, et al. v. ASUS Computer International, et al.*, No. 4:18-cv-03369, filed in the United States District Court for the Northern District of California. In the lawsuit, Plaintiff alleges that the ASUS Rog Strix GL502VS and GL502VSK laptops (the "Laptops") were deceptively marketed as powerful, portable machines ideal for gaming and video editing with independent cooling systems to give the Laptops "stability required for intense gaming sessions." Plaintiff alleges that the Laptops are not suitable for their ordinary and advertised purpose because the Laptops' batteries drain even when the Laptops are connected to electrical outlets (the "Power Defect"). Plaintiff also alleges that the Laptops' cooling systems are not independent because they use one set of heatsinks to dissipate heat from both the graphics processing unit and computational processing unit, so the Laptops overheat, leading to physical discomfort and/or diminishing the Laptops' performance and durability (the "Overheating Issue"). ASUS Computer International and ASUSTeK Computer Inc. are the defendants ("Defendants") and deny any wrongdoing.

If the settlement is approved and you are a Class Member, you may be eligible to receive a Cash Payment in the amount of either $110 or $55 or a Credit Certificate in the amount of either $210 or $105 at your option. You are a Class Member if you purchased a new ASUS Rog Strix GL502VS or GL502VSK laptop from Defendants or an authorized ASUS retailer after May 4, 2014 in the United States. Additionally, Defendants have extended the warranty for GL502VS laptops that suffered from the Power Defect. Call Defendants' technical support at ([NUMBER]) to receive instructions for obtaining Extended Warranty service. You may receive a Cash Payment or Credit Certificate even if you obtain Extended Warranty service.

To obtain a Cash Payment, you must submit a valid Claim Form. To obtain a Credit Certificate, you must submit a valid Claim Form unless you complained to Defendants about a Power Defect and/or Overheating Issue prior to March 19, 2019. If your complaint is reflected in Defendants' records, then you will automatically receive a $210 Credit Certificate. If you prefer a Cash Payment, then you must submit a Claim Form. Claim Forms are available at www.asuslaptopsettlement.com. Depending on the benefit you request, Defendants may have the right to demand an inspection of your Laptop and you may have to provide proof of purchase.

You may make a Claim and/or receive Qualifying Repairs under the Extended Warranty, Object, Opt Out, or do nothing. **To receive a Cash Payment or Credit Certificate,** you must submit a Claim, online or by mail, by [DATE]. **To receive a Qualifying Repair under the Extended Warranty,** you must contact Defendants at [NUMBER], and follow their instructions. If you **Opt Out of the Settlement**, you may pursue a separate lawsuit, but you will receive no settlement benefit. Your Opt-Out request must be submitted online or postmarked by [DATE]. If you do not Opt Out, you give up your right to bring a separate lawsuit. **To Object**, you must submit a written Objection that complies with the requirements set forth in the Settlement Notice available at www.asuslaptopsettlement.com. Your Objection must be filed with the Court by [DATE]. **Do nothing**, and you will not receive a settlement benefit (unless you qualify for an automatic Credit Certificate) and you will release claims against Defendants that relate to the Allegations in the lawsuit. You may still obtain repairs under the Extended Warranty, if applicable.

The Court will hold a Final Approval Hearing on [DATE], to consider whether to approve the Settlement. The hearing will be held in the United States District Court for the Northern District of California, before Magistrate Judge Donna M. Ryu, in the Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, in courtroom 4 on the 3rd floor, or such other judge assigned by the Court. The Court will decide whether to approve the Settlement and whether to award Attorneys' Fees and Expenses of up to $787,500 and an Incentive Award of up to $5,000 to Plaintiff. The motion seeking Attorneys' Fees and Expenses and an Incentive Award will be posted on www.asuslaptopsettlement.com after it is filed. You may, but don't have to, attend the hearing. Cash Payments and Credit Certificates will be issued to the Settlement Class

**EXHIBIT B4 – PUBLICATION NOTICE**

Members only if the Settlement is approved and after any Objections are resolved. Please be patient.

For more information, visit www.asuslaptopsettlement.com or contact the Claim Administrator at [info]. You can also obtain additional information by contacting Class Counsel at: Seth A. Safier, Gutride Safier LLP, 100 Pine Street, Suite 1250, San Francisco, CA 9411/Tel: 415-639-9090.

**PLEASE DO NOT CONTACT DEFENDANTS OR THE COURT TO INQUIRE ABOUT THE SETTLEMENT.**

# NOTICE OF
# CLASS ACTION

Class Administrator
*Carlotti v. ASUS Computer*
*International, et al.,*
[Address]
[Phone]

First-Class
Mail
US Postage
Paid
Permit #___

## To purchasers of ASUS Rog Strix GL502VS and GL502VSK Laptops since May 4, 2014

You may be entitled to benefits from a class action settlement.

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
Postal Service: Please do not mark barcode

«Class Member ID»
«First1» «Last1»
«C/O»
«Addr1»  «Addr2»
«City», «St»  «Zip»

00120438.DOCX - 2

**WHAT IS THIS NOTICE ABOUT?** This is a court-approved notice that summarizes a proposed class action settlement against Defendants ASUS Computer International and ASUSTeK Computer Inc. (collectively, "Defendants") entitled *Carlotti, et al. v. ASUS Computer International, et al.*, No. 4:18-cv-03369 pending in the United States District Court, Northern District of California. The Lawsuit affects all purchasers of a new ASUS Rog Strix GL502VS or GL502VSK laptop (the "Laptops") from ASUS or from an authorized ASUS retailer in the U.S. after May 4, 2014.

**WHAT IS THE CASE ABOUT?** Plaintiff alleges that the Laptops' batteries drain even when the Laptops are plugged into electric outlets (the "Power Defect"). Plaintiff also alleges that the Laptops' cooling systems are not independent as advertised and they overheat which causes physical discomfort and/or diminished performance (the "Overheating Issue"). Defendants deny Plaintiff's claims. The Court has not decided who is correct.

**WHAT CAN YOU GET IN THE SETTLEMENT?** If the Court approves the Settlement, Class Members may be eligible for a Cash Payment (in the amount of either $110 or $55) or a Credit Certificate (in the amount of either $210 or $105) for a future purchase from ASUS. To get these benefits, you may be required to submit a Claim Form. Depending on the benefit you request, you may be required to provide the Laptop's Serial Number, Proof of Purchase, or make your Laptop available for inspection.

Additionally, Defendants are offering Qualifying Repairs under an Extended Warranty for ASUS Rog Strix GL502VS model laptops experiencing the Power Defect. For more information on obtaining repairs, call ASUS at (____). Class Member can use the Extended Warranty regardless of whether they file a Claim.

**WHAT ARE YOUR RIGHTS?** You may make a Claim and/or receive Qualifying Repairs under the Extended Warranty, Object, Opt Out, or do nothing. To receive a Cash Payment or Credit Certificate, you must submit a Claim, either online by [DATE] or by mail, postmarked by [DATE]. To obtain Qualifying Repairs under the Extended Warranty, you must contact ASUS technical support at ( __). If you **Opt Out of the Settlement**, you may pursue a separate lawsuit, but you will receive no payment and your opt out request must be submitted online or postmarked by [DATE]. If you do not Opt Out, you give up your right to bring a separate lawsuit. **To Object**, you must submit a written Objection to the Court by [DATE]. **Do nothing**, and you will not receive a Cash Payment and you will release claims against Defendants that relate to the Allegations in the Lawsuit.

For more information visit www.asuslaptopsettlement.com or call the claims administrator at [phone number].

EXHIBIT C – PRELIMINARY APPROVAL ORDER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CARLOTTI, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>      v.<br><br>ASUS COMPUTER INTERNATIONAL; ASUSTEK COMPUTER INC., and DOES 1-50,<br><br>    Defendants. | CASE NO. 18-CV-03369-DMR<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; PROVISIONALLY CERTIFYING THE NATIONWIDE SETTLEMENT CLASS; AND DIRECTING DISSEMINATION OF CLASS NOTICE** |

The Parties to the above-captioned action have entered into a Settlement Agreement (submitted to the Court concurrently with the Declaration of Adam J. Gutride) to settle the above-captioned putative class action in its entirety, and Plaintiff Joseph Carlotti ("Plaintiff") has filed an unopposed Motion for Approval of Class Settlement Provisional Certification of Nationwide Settlement Class, and Approval of Procedure For and Form of Notice to Settlement Class, and a supporting memorandum ("Motion"). All capitalized terms used in this Order have the meaning as defined in the Settlement Agreement.

### RECITALS

This case concerns Defendant ASUSTeK Computer Inc. ("ASUSTeK") and ASUS Computer International ("ACI") (collectively, "ASUS" or "Defendants") marketing, selling, and warrantying of the ASUS Rog Strix GL502VS laptop and the ASUS Rog Strix GL502VSK laptop ("Laptop" or "Laptops") from May 4, 2014 to the date of this order ("Class Period").

Plaintiff contends that Defendants deceptively advertised the suitability of the Laptops as

portable gaming computers. In particular, Plaintiff alleges that the Laptop he purchased suffered from the following two defects: (1) the Laptop's power supply unit did not provide sufficient power to the Laptop such that the Laptop's battery drained during use even when the Laptop was plugged into an electrical outlet; the Laptop experienced reductions in computational performance when it was low on battery power or when the battery was  removed, even when the Laptop was connected to an electrical outlet; and  there was accelerated degradation of the Laptop's battery (the "Power Defect"); and (2) the Laptop's cooling systems inadequately dissipated heat generated by the Laptop during computationally demanding tasks such that the Laptop became hot to the touch during use (the "Overheating Issue"). Plaintiff alleges that all the Laptops experienced the Power Defect and Overheating Issue. Plaintiff alleged claims for violations of the breach of express warranty; breach of implied warranty; violation of the Magnuson-Moss Warranty Act; deceit and fraudulent concealment; unjust enrichment; violations of the California Consumer Legal Remedies Act, Civil Code § 1750, *et seq.*; false advertising under Bus. and Prof. Code § 17500, *et seq.*; and unfair business practices under Cal. and Prof. Code § 17200, *et seq.* He sought to pursue these claims on behalf of himself and a nationwide class of purchasers of the Laptops and sought money damages and an injunction.

Defendants deny Plaintiff's allegations. They contend that the advertising of the Laptops is, and has always been, truthful and not misleading. Defendants also dispute that the Laptops suffered from the Power Defect or the Overheating Issue. Defendants deny that the written warranty covers any alleged design defects. Defendants also dispute that Laptop purchasers suffered any damages because they claim that the Laptops performed as good as, or better than, other laptops in the market. Defendants therefore deny any liability, and deny that Plaintiff or any class members have suffered injury. Defendants further deny that this case meets the requirements for class certification under Fed. R. Civ. P. 23, except for purposes of settlement.

The history of this litigation is summarized in Part 1 of the Settlement Agreement. In brief, this case was filed on May 4, 2018 in California Superior Court, and ACI removed the case to this Court on June 7, 2018. Plaintiff moved for, and the Court entered, an order authorizing service on

2

Defendant ASUSTeK, a Taiwanese corporation, using alternative means.  The Parties engaged in significant discovery. Plaintiff served ACI with discovery requests and noticed its deposition under Rule 30(b)(6) of Federal Rule of Civil Procedure. ACI produced documents in response to Plaintiff's discovery requests, including documents providing sales and warranty data and hardware and software engineering reports. ACI deposed Plaintiff.

On March 19, 2019, the Parties to this case participated in an all-day mediation conducted by the Martin Quinn, Esq. at JAMS in San Francisco, California. That mediation resulted in the Settlement that is the subject of this Order.

The terms of the Settlement are summarized in the proposed Long Form Notice to Settlement Class Members, which is attached as Exhibit B1 to the Settlement Agreement. Defendants have agreed to provide an extended warranty on all ASUS Rog Strix GL502VS laptops to cover Qualifying Repairs, which includes a motherboard replacement and new power adapter, until the later of: (i) three years from the date of purchase; (ii) 90 days from Final Approval; or (iii) 180 days from the date of a prior replacement of the internal power supply and/or AC power adaptor by ASUS. The Extended Warranty has an estimated value of up to $6.7 million.

Defendants have also agreed to make up to approximately $5.2 million in cash benefits available to Class Members as follows. All Class Members who previously complained of the Power Defect or Overheating Issue to Defendants will receive a $210 Credit Certificate without the necessity of filing a claim (or a $110 Cash Payment if the Class Member files a claim). Class Members can receive a $210 Credit Certificate or a $110 Cash Payment if they: (a) registered their Laptop with ASUS; (b) purchased their Laptop from ASUS's website; or (c) submit Proof of Purchase of the Laptop with their Claim Form. Class Members who cannot meet any of these proof requirements can obtain a $105 Credit Certificate or $55 Cash Payment as long as they provide the Laptop's Serial Number with the Claim Form.

As part of the Settlement, Class Counsel may apply to this Court for an award of attorneys' fee and expenses of up to $787,500.00, as well as up to $5,000 as an Incentive Award to Plaintiff.

Such amounts must be approved by the Court, and the Court will defer any ruling on the appropriateness of such awards until the Final Approval Hearing.

Class Notice is to be provided as described in the Settlement Agreement consistent with a notice plan designed by Angeion Group, the Claim Administrator, a well-known and experienced class action administrator. The Claim Administrator also will receive and process Claim Forms. In brief, Class Notice will be provided via: (1) direct Email Notice to those Class Members for whom an email address is available; (2) direct Postcard Notice mailed to those Class Members for whom a physical mailing address is available but an email address is not available; (3) Publication Notice in *People* magazine and the California regional edition of *USA Today*; (4) publication of Online Notice targeted at likely Class Members served across relevant internet websites and social media platforms; (5) publication of Online Notice on Defendant's websites and social media platforms; and (6) publication on a Settlement Website, located at www.asuslaptopsettlement.com.

All of the notices will link or point to the Settlement Website, which will contain a detailed class notice, including the procedures for class members to exclude themselves from the Settlement or object, as well as a copy of the Settlement Agreement and motion papers filed in connection with the Settlement.

## FINDINGS AND CONCLUSIONS

The Court has read and considered the Motion and all of the supporting documents, including the Settlement Agreement and its Exhibits, including the proposed Class Notice. The Court finds that there is a sufficient basis for granting preliminary approval of the Settlement Agreement, authorizing dissemination of the Class Notice, and authorizing the steps needed to determine whether the Settlement Agreement should be finally approved and the Litigation dismissed.

Accordingly, it is HEREBY ORDERED that:

1.      The proposed Settlement Agreement, submitted with the Motion, is preliminarily approved as likely to be approved under Federal Rule of Civil Procedure ("Rule") 23(e)(2) and as

4

meriting notice to the Class for its consideration. Considering the factors set forth in Rule 23(e)(2), the Court preliminarily finds as follows:

    a. Class Representatives and Class Counsel have adequately represented the Class.

    b. The Settlement was negotiated at arm's length with the assistance of a well-respected and experienced private mediator.

    c. The relief provided to the Class in the form of injunctive and monetary relief is adequate given the risks and uncertainty of trial.

    d. The proposal treats all Class Members equally relative to each other.

2. Based upon the submissions of the Parties, and for the purposes of this Settlement only, the Court conditionally makes the following findings:

    a. Members of the Class are so numerous as to make joinder impracticable.

    b. There are questions of law and fact common to the Class, and such questions predominate over any questions affecting only individual Class Members for purposes of the Settlement.

    c. Plaintiff's claims and the defenses thereto are typical of the claims of the Class Members and the defenses thereto for purposes of the Settlement.

    d. Plaintiff and his counsel have, and will continue to, fairly and adequately protect the interests of the Class Members in this action with respect to the Settlement.

    e. The proposed Settlement is superior to all other available methods for fairly and efficiently resolving this action.

Accordingly, for settlement purposes only, the Court conditionally certifies a Class comprised of all persons who purchased a new ASUS ROG Strix GL502VS or GL502VSK laptop computer in the United States from Defendants or an authorized retailer of Defendants between May 4, 2014 and the date Preliminary Approval is entered.

3. The Court finds it appropriate to establish the following exclusions from the Settlement Class: the undersigned judge and any member of her immediate family; (b) any government entity; (c) Martin Quinn and any member of his immediate family; (d) Defendants; (e)

[PROPOSED] ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

any entity in which Defendants have a controlling interest; (f) any of Defendants' parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; (g) any person whose purchase of a Laptop was for resale purposes; (h) any person who timely opts out of the Settlement; (i) any person who received a full refund of a Laptop's entire purchase price from ASUS or a retailer in connection with the Power Defect, Overheating Issue, or heat-related issues alleged in the Lawsuit; (j) any person who received a replacement Laptop that did not suffer from the Power Defect or Overheating Issue; (k) any person who signed a release regarding their Laptop; and (l) all persons who file a timely request for exclusion from the Class.

4.      The Court appoints Plaintiff Joseph Carlotti to serve as Class Representative for the Class.

5.      The Court appoints the law firms of Gutride Safier LLP and Miglaccio & Rathod LLP to serve as Class Counsel.

6.      The Court finds that the terms of the Settlement Agreement are sufficiently fair, reasonable, and adequate to allow dissemination of the Class Notice to members of the Class. This determination is not a final finding that the Settlement is fair, reasonable and adequate, but it is a determination that probable cause exists to disseminate Class Notice to the Class Members and hold a hearing on final approval of the proposed Settlement.

7.      The Court appoints and designates Angeion Group as the Claim Administrator.

8.      The Court approves, as to form and content, the Claim Form and the Class Notice, substantially similar to the forms attached as Exhibits A – B5 to the Settlement Agreement. The Claim Form and the Notice are written in plain English, are easy to comprehend, and fully comply with the requirements of the Due Process Clause of the United States Constitution, Rule 23, and any other applicable law. The Parties shall have discretion to jointly make non-material minor revisions to the Claim Form or the Class Notice. Responsibility regarding settlement administration, including, but not limited to, notice and related procedures, shall be performed by the Claim Administrator, subject to the oversight of the Parties and this Court as described in the Settlement Agreement. The costs of providing Class Notice to the Class Members shall be borne by ASUS.

[PROPOSED] ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

9.      ASUS shall pay the Claim Administrator's reasonable costs associated with the administration of the Settlement up to $200,000, distribution of Class Notice pursuant to the Settlement Agreement, and any other tasks assigned to the Claim Administrator under the Settlement Agreement, by ASUS's and the Class Representative's mutual written agreement, or as this Court may order.

10.     Pursuant to Rule 23(e)(2) and 28 U.S.C. § 1715(d), a Final Approval Hearing shall be held on _____, at ____:00 a.m. / p.m. before the undersigned at the Ronald V. Dellums Federal Building and U.S. Courthouse, 1301 Clay St., Oakland, California, for the purpose of finally determining whether (a) this action meets each of the prerequisites for class certification set forth in Federal Rule of Civil Procedure 23(a) and may properly be maintained as a class action on behalf of the Settlement Class under Federal Rule of Civil Procedure 23(b)(3); (b) the Settlement Agreement should receive final approval as fair, reasonable, adequate, and is in the best interests of the Settlement Class in light of any objections presented by Class Members and the Parties' responses to any such objections; (c) the Court should grant final approval of the Settlement Agreement, entering final judgment and dismissing the Class Action Complaint, including dismissing the claims concerning the Laptops identified in the Settlement Agreement to be dismissed with prejudice), as provided in the Settlement Agreement; and (d) the applications of Class Counsel for the payment of Attorneys' Fees and Expenses to Class Counsel  and the payment of an Incentive Award to Plaintiff are reasonable and should be approved. The Final Approval Hearing may be postponed, adjourned, or continued by further order of this Court, without further notice to the Parties or the members of the Settlement Class.

11.     The Claim Administrator shall provide a declaration attesting to its compliance with the Notice obligations set forth herein and the Settlement Agreement not less than seven (7) days prior to the Final Approval Hearing. The declaration shall include: the total number of Class Members; a sample copy of the Class Notice; the process by which ASUS provided a list of Class Member information to the Claim Administrator for sending Email Notice and Postcard Notice; the number of Email Notices emailed and Postcard Notices mailed and the range of dates within which

[PROPOSED] ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

CASE NO. 18-CV-03369-DMR

such Notices were sent; and the number of Postcard Notices returned to the Claim Administrator by the United States Postal Service.

12.     Each Class Member who wishes to be excluded from the Settlement must submit to the Claim Administrator a written statement requesting exclusion from the Settlement. Such requests for exclusion must be made by submitting the online form on the Settlement Website or by mailing a valid exclusion request by First Class U.S. Mail to the address specified in the Class Notice. Such requests for exclusion must be submitted online or postmarked on or before          . To be effective, the request for exclusion must:

       a.   Include the Class Member's full name and address;

       b.   Explicitly and unambiguously state his or her desire to be excluded from the Settlement; and

       c.   Be individually and personally signed by the Class Member (if the Class Member is represented by counsel, it must also be signed by such counsel).

13.     Any Class Member who fails to submit a timely and valid written request for exclusion consistent with this Order shall be deemed to be a member of the Settlement Class and as such shall be bound by all terms of the Settlement proceedings, orders, and judgments of this Court pertaining to the Settlement Class pursuant to the Settlement Agreement unless determined otherwise by the Court.

14.     Class Members (whether styled as an exclusion request, an objection, or a comment) as to which it is not readily apparent whether the Class Member meant to request an exclusion from the Class will be evaluated jointly by counsel for the Parties, who will make a good-faith evaluation if possible. Any uncertainties about whether a Class Member requested to exclude himself, herself, or itself from the Settlement Class will be resolved by the Court.

15.     The Claim Administrator shall provide in writing to Defendants' Counsel and Class Counsel the names and of those Class Members who have requested exclusion from the Settlement in a valid and timely manner within fifteen (15) days following the Objection/Exclusion Deadline, and Plaintiff's Counsel shall file that list with the Court, with service on Defendants' Counsel.

8

16.     Any member of the Class who elects to be excluded shall not receive any benefits of the Settlement, shall not be bound by the terms of the Settlement Agreement or any Final Approval Order, and shall have no standing to object to the Settlement or intervene in the Litigation. Members of the Class who do not wish to be bound by a judgment in favor of or against the Class must exclude themselves from the Litigation.

17.     Any Class Member who does not submit a valid and timely request for exclusion may submit an objection to the Settlement Agreement. Any Class Member (if the Class Member is represented by counsel, the objection additionally must be signed by such counsel) who intends to object to the Settlement or the Settlement Agreement (including Class Counsel's requested Attorneys' Fees and Expense application) must submit a written notice of objections to the Class Action Clerk for this Court by [DATE], which must be individually and personally signed by the Class Member, and must include:

a.   The case name and number (*Carlotti v. Asus Computer Intl.*, Case Number 18-cv-03699-DMR);

b.   The objecting Class Member's full name, address, and telephone number, and, if available, email address;

c.   An attestation that the objector is a member of the Class;

d.   The model and serial number of the objecting Class Member's Laptop, along with proof of membership in the Class;

e.   A written statement of all grounds for the Objection, accompanied by any legal support for the Objection;

f.   Copies of any papers, briefs, or other documents upon which the Objection is based;

g.   The name, address, email address, and telephone number of every attorney representing the objector;

h.   A list of all cases in which the Class Member and/or his or her counsel filed or in any way participated—financially or otherwise—objecting to a class settlement in any court in the United States during the preceding five (5) years;

[PROPOSED] ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

CASE NO. 18-CV-03369-DMR

i.   If the Class Member or his or her counsel has not objected to any other class settlement in any court in the United States in the previous five (5) years, he or she shall affirmatively state; and

j.   A statement indicating whether the objector and/or his or her counsel intends to appear at the Final Approval Hearing and, if so, a list of all persons, if any, who will be called to testify in support of the Objection.

18.    Any Class Member wishing to make a claim must submit a Claim Form to the Claim Administrator, pursuant to the instructions set forth in the Class Notice. Claim Forms to be mailed must be postmarked, and Claims Forms to be submitted online through the Settlement Website must be submitted, no later than [DATE].

19.    Objecting Class Members or their counsel who wish to appear at the Final Approval Hearing must make such request by filing with the Court and serving upon Class Counsel and Defendants' Counsel at the following addresses a Notice of Intention to Appear at least fourteen (14) days prior to the Final Approval Hearing:

Settlement Class Counsel

Adam Gutride
Gutride Safier LLP
100 Pine St., Suite 1250
San Francisco, California 94111

ASUS's Counsel

Luanne Sacks
Michele Floyd
Robert Bader
Sacks Ricketts & Case LLP
177 Post Street
Suite 650
San Francisco, CA 94108

20.    The Parties to this Litigation and to the Settlement Agreement shall file any memoranda or other materials in support of Final Approval of the Settlement Agreement, including in response to any timely and valid objection to the Settlement Agreement, no later than seven (7) days prior to the Final Approval Hearing. Such materials shall be served on Class Counsel, Defendants' Counsel, and on any member of the Settlement Classes (or their counsel, if represented

10

by counsel) to whose objection to the Settlement Agreement the memoranda or other materials respond.

21.     Following the Final Approval Hearing, and based upon the entire record in this matter, the Court will decide whether the Settlement Agreement should be finally approved and, if so, whether an award of Attorneys' Fees and Expenses of up to $787,500 should be awarded to Class Counsel, and whether an Incentive Award of up to $5,000 should be awarded to Plaintiff.

22.     If the Court determines the Settlement is reasonable, fair, and adequate, the Court will issue a Final Order and Judgment memorializing its decision in the form contemplated by Exhibit D of the Settlement Agreement. The Court will also issue an Order awarding reasonable fees and expenses to Class Counsel in an amount determined by the Court but in no event more than $787,500.

23.     Plaintiff's claims against Defendants are hereby stayed.

24.     Pending final determination of whether the Settlement should be approved, Plaintiff and each Class Member, and any person purportedly acting on behalf of any Class Member(s), are hereby enjoined from commencing, pursuing, maintaining, enforcing, or proceeding, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties, provided that this injunction shall not apply to the claims of Class members who have timely and validly requested to be excluded from the Class. This injunction will remain in force until the Effective Date or until such time as the Parties notify the Court that the Settlement has been terminated.  This injunction is necessary to protect and effectuate the Settlement, this Order, and this Court, authority regarding the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

25.     In the event that the proposed Settlement is not finally approved by the Court, or in the event that the Settlement Agreement becomes null and void or terminates pursuant to its terms, this Order and all orders entered in connection herewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Litigation or in any other case or controversy, in such event the Settlement Agreement and all

11

negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

26.     Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.


Dated: _____ _____, 2019

_____
Hon. Donna M. Ryu
U.S. Magistrate Judge

[PROPOSED] ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

CASE NO. 18-CV-03369-DMR

1  **GUTRIDE SAFIER LLP**
   Adam J. Gutride (State Bar No. 181446)
2  Seth A. Safier (State Bar No. 197427)
   Marie A. McCrary (State Bar No. 262670)
3  Anthony Patek (State Bar No. 228964)
   100 Pine St., Suite 1250
4  San Francisco, California 94111
   Telephone: (415) 271-6469
5  Facsimile: (415) 449-6469
6
7  Stephen M. Raab (appearing *pro hac vice*)
   113 Cherry Street, #55150
8  Seattle, WA 98140-2205
   Telephone: (415) 639-9090 x109
9
   **MIGLIACCIO & RATHOD LLP**
10 Nicholas Migliaccio, (appearing *pro hac vice*)
   Jason Rathod (appearing *pro hac vice*)
11 Esfand Nafisi (State Bar No. 320119)
   412 H Street NE, Suite 302
12 Washington, D.C. 20002
13
14 Counsel for Plaintiff
15
                    UNITED STATES DISTRICT COURT
16               NORTHERN DISTRICT OF CALIFORNIA
17

| | |
|---|---|
| 18 JOSEPH CARLOTTI, individually and on behalf of all others similarly situated, | CASE NO. 18-CV-03369-DMR |
| 19     Plaintiff, | **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| 20     v. | |
| 21 ASUS COMPUTER INTERNATIONAL; ASUSTEK COMPUTER INC., and DOES 1-50, | Date: |
| 22 | Time: |
| 23     Defendants. | Courtroom:  7, 19th Floor |
| 24 | Judge:     Hon. Donna M. Ryu |

25
26
27
28

Plaintiff Joseph Carlotti ("Plaintiff" or "Class Representative") has moved the Court for final approval of a proposed class action settlement with Defendants ASUSTeK Computer Inc. ("ASUSTeK") and ASUS Computer International ("ACI") (collectively, "ASUS" or "Defendants"), the terms and conditions of which are set forth in the Settlement Agreement filed with the Court on July 8, 2019 ("Settlement Agreement") (Dkt. _____). For the reasons described more fully below, the Court GRANTS final approval of the Settlement. All capitalized terms used in this Order have the meaning as defined in the Settlement Agreement.

<div align="center">

**RECITALS**

</div>

**A.    Procedural History**

This case concerns Defendants ASUSTeK Computer Inc.'s ("ASUSTeK") and ASUS Computer International's ("ACI") (collectively, "ASUS" or "Defendants") marketing, selling, and warrantying of the ASUS Rog Strix GL502VS and the ASUS Rog Strix GL502VSK ("Laptop" or "Laptops") from May 4, 2014 to the date of this order ("Class Period").

Plaintiff contends that Defendants deceptively advertised the suitability of the Laptops as portable gaming computers. In particular, Plaintiff alleges that the Laptop he purchased suffered from the following two defects: (1) the Laptop's power supply unit did not provide sufficient power to the Laptop such that the Laptop's battery drained during use even when the Laptop was plugged into an electrical outlet; the Laptop experienced reductions in computational performance when it was low on battery power or when the battery was removed, even when the Laptop was connected to an electrical outlet; and there was accelerated degradation of the Laptop's battery (the "Power Defect"); and (2) the Laptop's cooling systems inadequately dissipated heat generated by the Laptop during computationally demanding tasks such that the Laptop became hot to the touch during use (the "Overheating Issue"). Plaintiff alleges that all the Laptops experienced the Power Defect and Overheating Issue. Plaintiff alleged claims for violations of the breach of express warranty; breach of implied warranty; violation of the Magnuson-Moss Warranty Act; deceit and fraudulent concealment; unjust enrichment; violations of the California Consumer Legal Remedies Act, Civil Code § 1750, *et seq.*; false advertising under Bus. and Prof. Code § 17500, *et seq.*; and

<div align="center">2</div>

unfair business practices under Cal. and Prof. Code § 17200, *et seq.* Plaintiff sought to pursue these claims on behalf of himself and a nationwide class of purchasers of the Laptops. Plaintiff seeks money damages and an injunction.

Defendants deny Plaintiff's allegations. They contend that the advertising of the Laptops is, and has always been, truthful and not misleading. Defendants also dispute that the Laptops suffered from the Power Defect or Overheating Issue. Defendants deny that the written warranty covers any alleged design defects. Defendants also dispute that Laptop purchasers suffered any damages because they claim that the Laptops performed as well as, or better than, other laptops in the market. Defendants therefore deny any liability, and deny that Plaintiff or any class members have suffered injury. Defendants further deny that this case meets the requirements for class certification under Federal Rule of Civil Procedure ("Rule") 23, except for purposes of settlement.

The history of this litigation is summarized in Section I of the Settlement Agreement. In brief, this case was filed on May 4, 2018 in California Superior Court, and removed to this Court on June 7, 2018. Plaintiff moved for, and the Court entered, an order authorizing service on Defendant ASUSTeK, a Taiwanese corporation, using alternative means. The parties engaged in significant discovery. Plaintiff served ACI with discovery requests and noticed its deposition under Rule 30(b)(6). ACI produced documents in response to Plaintiff's discovery requests, including documents providing sales and warranty data and hardware and software engineering reports. ACI deposed Plaintiff.

### B.    Summary of Settlement Terms

The terms of the settlement are summarized in the Long Form Notice to Class Members, which is attached as Exhibit B1 to the Settlement Agreement. Under the Settlement, Defendants have agreed to provide an extended warranty on all ASUS Rog Strix GL502VS laptops to cover Qualifying Repairs, which includes repairs to and/or replacement of the motherboard and/or AC power adapter to resolve the Power Defect, until the later of: (i) three years from the date of purchase; (ii) 90 days from Final Approval; or (iii) 180 days from the date of a prior replacement of the internal power supply and/or AC power adapter by ASUS. The Extended Warranty has an

3

estimated value of up to $6.7 million.

Defendants have agreed to make up to $5.2 million in cash benefits available to Settlement Class members as follows. All Class Members who previously complained of the Power Defect or Overheating Issue to Defendants will receive a $210 Credit Certificate without the necessity of filing a claim (or a $110 Cash Payment if the Class Member files a claim). Class Members can receive a $210 Credit Certificate or a $110 Cash Payment if they: (a) registered their Laptop with ASUS; (b) purchased their Laptop from ASUS's website; or (c) submit Proof of Purchase of the Laptop with their Claim Form. Class Members who cannot meet any of these proof requirements can obtain a $105 Credit Certificate or $55 Cash Payment as long as they provide the Laptop's Serial Number with the Claim Form. Eligible Class Members are permitted to both obtain Qualifying Repairs under the Extended Warranty and file a claim for a Cash Payment or Credit Certificate.

Finally, the settlement provides that Plaintiff may seek an award of up to $787,500.00 in attorneys' fees and costs, and up to $5,000 as an incentive award for Plaintiff.

### C.    Notice and Administration

The Settlement Agreement is being administered by a well-known, independent claims administrator, Angeion Group. Following the Court's Preliminary Approval Order, Angeion Group established the Settlement Website at http://www.asuslaptopsettlement.com, which contained the Class Notice, including the procedures for Class Members to submit claims or exclude themselves, a contact information page that includes address and telephone numbers for the Claim Administrator and the parties, the Settlement Agreement, the signed Preliminary Approval Order, online and printable versions of the Claim Form and the opt out forms, and answers to frequently asked questions. In addition, the papers in support of final approval and Plaintiff's application for Attorneys' Fees and Expenses and Incentive Award were placed on the Settlement Website after they were filed. The Claim Administrator also operated a toll-free number for Class Member inquiries.

Class Notice was provided via direct notice and publication in multiple media, all of which

4

referred Class Members to the Settlement Website. ([record citations]) In particular, Class Notice was provided via: (1) direct Email Notice to those Class Members for whom an email address was available; (2) direct Postcard Notice mailed to those Class Members for whom a physical mailing address was available but an email address was not available; (3) Publication Notice in People magazine and USA Today; (4) publication of Online Notice, which compromised _____ impressions, targeted at likely class members served across relevant internet websites and social media platforms; (5) publication of Online Notice on Defendants' websites and social media platforms; and (6) publication on a Settlement Website, located at www.asuslaptopsettlement.com.

In total, the notice program is estimated to have reached at least [ ]% of Class Members an average of [2] times each. ([record cite]).

Class Members were given until [_____] to object to or exclude themselves from the proposed Settlement. A total of _____ Claims were received by the Claim Administrator. Of these, ____ Claims were deemed valid. A total number of _____ Cash Payments were paid (total value _____) and a total number of ____ Credit Certificates were sent to Class Members (total value _____).

## ANALYSIS

**A.    Jurisdiction**

This court has jurisdiction under 28 U.S.C. § 1332(d)(2).

**B.    Certification of the Settlement Class**

The Court finds that the prerequisites of Rule 23 have been satisfied for certification of the Settlement Class for settlement purposes because: Settlement Class Members are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims and defenses of the Class Representative are typical of the claims and defenses of the Settlement Class he represents; the Class Representative has fairly and adequately protected the interests of the Settlement Class with regard to the claims of the Settlement Class he represents; common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a class

5

settlement; and the certification of the Settlement Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter.

For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies the following Settlement Class: All persons who purchased a new ASUS Rog Strix GL502VS or GL502VSK laptop computer in the United States from Defendants or an authorized retailer of Defendants between May 4, 2014 and the date Preliminary Approval is entered.  . Excluded from the Class are (a) the undersigned judge and any member of her immediate family; (b) any government entity; (c) Martin Quinn and any member of his immediate family; (d) Defendants; (e) any entity in which Defendants have a controlling interest; (f) any of Defendants' parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; (g) any person whose purchase of a Laptop was for resale purposes; (h) any person who timely opts out of the Settlement; (i) any person who received a full refund of a Laptop's entire purchase price from ASUS or a retailer in connection with the Power Defect, Overheating Issue, or heat-related issues alleged in the Lawsuit; (j) any person who received a replacement Laptop that did not suffer from the Power Defect or Overheating Issue; (k) any person who signed a release regarding their Laptop; and (l) all persons who have filed a timely Request for Exclusion from the Class.

For the purpose of this Settlement, the Court hereby finally approves Plaintiff as the Class Representative and the law firms of Gutride Safier LLP and Migliaccio & Rathod LLP as Class Counsel.

**C.     Notice and Claims Administration**

Notice to Class Members was provided directly to those Class Members for whom Defendants possessed an email address or mailing address, and for all other Class Members, by Publication Notice and Online Notice. Publication Notice and Online Notice was appropriate here because the evidence is undisputed that the parties do not know the names or contact information for the majority of Class Members that purchased the Laptops at retail from third parties. Under these circumstances, individualized notice to all Class Members was not required or reasonably

[PROPOSED] ORDER GRANTING MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT

CASE NO. 18-CV-03369-DMR

practicable. *See, e.g., Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir. 2017) (recognizing that Rule 23 "does not insist on actual notice to all class members;" and "courts have routinely held that notice by publication in a periodical, on a website, or even at an appropriate physical location is sufficient to satisfy due process"); *In re Toys R Us-Delaware, Inc. FACTA Litigation*, 295 F.R.D. 438, 449 (C.D. Cal. 2014) ("When the court certifies a nationwide class of persons whose addresses are unknown, notice by publication is reasonable."). The Court reaffirms the finding it made in the Preliminary Approval Order that the notice plan provided the best practicable notice to the members of the Class and satisfied the requirements of due process. The Court also finds, based on the evidence described above, that the notice plan reached at least [ ] of the Class Members an estimated average of at least [ ] times each. ([record cite]) This notice comports with due process. *See, e.g., Ellison v. Steven Madden, Ltd.*, No. CV115935PSGAGRX, 2013 WL 12124432, at *3 (C.D. Cal. May 7, 2013) (approving a notice plan reaching 77%); *In re: Whirlpool Corp. Front–loading Washer Prod. Liab. Litig.*, No. 1:08-WP-65000, 2016 WL 5338012, at *9 (N.D. Ohio Sept. 23, 2016) (approving notice plan reaching approximately 77.5 percent of Class Members).

## D.     Final Approval of Settlement

A court may approve a proposed class action settlement of a certified class only "after a hearing and on finding that it is fair, reasonable, and adequate after considering whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably

[PROPOSED] ORDER GRANTING MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT

CASE NO. 18-CV-03369-DMR

relative to each other." Fed. R. Civ. P. 23(e)(2).[1] In reviewing the proposed settlement, the Court need not address whether the settlement is ideal or the best outcome, but only whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class. *See Hanlon v. Chrysler Corp.*, 150 F.3d at 1027.

For the reasons further detailed below and discussed at oral argument, the Court finds that the proposed settlement is fair and appropriate under the Rule 23(e)(2) factors. Plaintiff's claims are based on the marketing, selling, and warrantying of the Laptops. There would be a battle of the experts regarding the presence and prevalence of the alleged Power Defect and Overheating Issue, consumer understanding, materiality of the representations, and the computation of damages, if any. Proceeding to trial would have been costly; recovery was not guaranteed; and there was the possibility of protracted appeals. Counsel for both Parties were highly experienced; they provided detailed declarations explaining why they supported the Settlement, and there is no factual basis to support any allegation of collusion or self-dealing.

### 1. Class Representative and Class Counsel Have Adequately Represented the Class.

In the Preliminary Approval Order, this Court found that the Class Representative and Class Counsel adequately represented the interests of the Class. This Court has seen no evidence to contradict my previous finding, and reconfirm it here. Class Counsel has vigorously prosecuted this action through discovery and formal mediation. Counsel therefore "possessed sufficient information

---

[1] Prior to the amendments to Rule 23, which took effect December 1, 2018, the Ninth Circuit had enumerated a similar list of factors to consider in evaluating a proposed class settlement. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (enumerating the following factors: "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement"). In the notes accompanying the Rule 23 amendments, the Advisory Committee explained that the amendments were not designed "to displace any factor, but rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Accordingly, this Court applies the framework of Rule 23 while "continuing to draw guidance from the Ninth Circuit's factors and relevant precedent." *Hefler v. Wells Fargo & Co.*, No. 16-cv-05479-JST, 2018 U.S. Dist. LEXIS 213045 *13 (N.D. Cal. Dec. 17, 2018).

to make an informed decision about settlement." *Hefler*, 2018 U.S. Dist. LEXIS 213045 *18.

### 2.    The Settlement Was Negotiated at Arm's Length.

This Court finds that the Settlement is the product of serious, non-collusive, arms' length negotiations by experienced counsel with the assistance of a well-respected and experienced mediator, Martin Quinn, Esq. at JAMS. *See, e.g., G. F. v. Contra Costa Cty.*, 2015 WL 4606078, at *13 (N.D. Cal. July 30, 2015) (noting that "[t]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive"); *Hefler*, 2018 U.S. Dist. LEXIS 213045 *19 ("[T]he Settlement was the product of arm's length negotiations through two full-day mediation sessions and multiple follow-up calls supervised by former U.S. District Judge Layn Phillips."). Further, before agreeing upon the terms of the Settlement, the Parties engaged in extensive factual investigation, which included a deposition, document production, interrogatories, and informal discovery. The record was thus sufficiently developed that the parties were fully informed as to the viability of the claims and able to adequately evaluate the strengths and weaknesses of their respective positions and risks to both sides if the case did not settle.

The Court has independently and carefully reviewed the record for any signs of collusion and self-dealing, and finds that no collusion or self-dealing occurred. Specifically, the Court finds that Class Counsel did not compromise the claims of the Settlement Class in exchange for higher fees.

### 3.    The Relief to the Class is Adequate Recovery to the Class

Although not articulated as a separate factor in Rule 23(e), "[t]he relief that the settlement is expected to provide to class members is a central concern." Fed. R. Civ. P. 23(e)(2)(C)-(D) advisory committee's note to 2018 amendment. "The Court therefore examines 'the amount offered in settlement.'" *Hefler*, 2018 U.S. Dist. LEXIS 213045 *18 (quoting *Hanlon*, 150 F.3d at 1026).

The Settlement requires Defendants to provide an extended warranty on all ASUS Rog Strix GL502VS laptops to cover Qualifying Repairs, which includes a repair to and/or replacement of the motherboard and/or AC power adapter, until the later of: (i) three years from the date of purchase; (ii) 90 days from Final Approval; or (iii) 180 days from the date of a prior replacement of the

9

internal power supply and/or AC power adapter by ASUS. The value of the Extended Warranty is estimated at up to $6.7 million. ([record cite]) It is appropriate for the Court to consider the equitable relief in assessing the benefit to the class. *See Allen*, 787 F.3d at 1225 (citing *Bluetooth*) ("As a whole, the settlement appears to afford valuable relief, much by injunction, that will benefit the class;" remanding to allow district court opportunity to make express findings about value of that relief.

Defendants also agreed to provide monetary benefits to Class Members. In particular, Class Members who previously complained of the Power Defect or Overheating Issue to Defendants will automatically receive a $210 Credit Certificate without the necessity of filing a claim (or a $110 Cash Payment if the Class Member files a claim). Class Members can receive a $210 Credit Certificate or a $110 Cash Payment if they: (a) registered their Laptop with ASUS; (b) purchased their Laptop from ASUS's website; or (c) submit Proof of Purchase of the Laptop with their Claim Form. Class Members who cannot meet any of these proof requirements can obtain a $105 Credit Certificate or $55 Cash Payment as long as they provide the Laptop's Serial Number with the Claim Form. Eligible Class Members are permitted to both obtain Qualifying Repairs under the Extended Warranty and file a claim for a Cash Payment or Credit Certificate.

Based on the record evidence and argument the parties submitted in connection with the Settlement, as well as the familiarity the Court has developed with this case, the Court finds that this monetary recovery is fair, reasonable and adequate, particularly given the overall claimed actual damages amount, risks of proceeding to trial, and the amount made available to claimants.

### 4.    The Strength of Plaintiff's Case and Risk of Continuing Litigation

No class had been certified prior to the Settlement. Plaintiff faced serious risk at the certification stage, and if he prevailed, at trial. Both class certification and trial likely would have required expert analysis to establish, among other things, that the marketing and advertising of the Laptops was misleading and material to consumer purchasing decisions, the Laptops universally suffered from the alleged Power Defect and Overheating Issue, Defendants failed to fulfill their warranty obligations, and that the Class Members were damaged, namely that they paid a price

10

premium for the allegedly defective Laptops.

### 5.      Effectiveness of Distribution Method

As noted above, the Court concludes that the distribution method and claims process is reasonable. Class Members who seek benefits under the Settlement must only submit a relatively simple claim form with basic questions about class membership. The process would be no different than that required after trial, as Defendants have no means of directly identifying Class Members who neither purchased from ASUS directly nor complained directly to ASUS about the Power Defect or Overheating Issue.

### 6.      The Terms of the Proposed Award of Attorneys' Fees and Expenses.

As noted in section E below, the Court finds the proposed award of Attorneys' Fees and Expenses is reasonable.

### 7.      Other Agreements

The Court is required to consider "any agreements required to be identified under Rule 23(e)(3). The Parties are not aware of any such agreements.

### 8.      The Proposal Treats Class Members Equitably Relative to Each Other

Although the Settlement divides Class Members into groups, all Class Members are entitled to obtain relief under the group that he or she qualifies. Membership in the groups is determined by: (i) whether the Class Member previously complained to Defendant about the Power Defect or an Overheating Issue (in which case he or she is a member of Group B); and (ii) the proof relating to the Class Member's Laptop purchase. In particular, Class Members are qualified to submit a Claim under Group A if they (1) provide the Laptop's Serial Number and have registered the Laptop with Defendants prior to the Notice Date, as reflected by Defendants' records; (2) provide Serial Number and have purchased the Laptop from the ASUS Website; or (3) submit Laptop Proof of Purchase.

This allocation plan treats all Class Members fairly based on the strength of their claims. The plan fairly protects the interest of all parties by directing relief to the Class Members who provide

sufficient proof of their Laptop purchases, while also providing lesser settlement benefits to Class Members who submit a Claim without documentation. *See In re MyFord Touch Consumer Litig.*, No. 13-cv-03072-EMC (N.D. Cal. Mar. 28, 2019), ECF No. 526 at 4-5 (granting approval of settlement plan that pays a lower dollar amount in relation to the comparative weakness of certain claims). This plan will thus deter fraudulent claims and treat class members equitable relative to each other. In addition, the Incentive Award to Plaintiff is appropriate for the reasons stated below.

### 9. The Response of Class Members

Out of an estimated _____ class members, there were __ opt-outs and __ objections. In comparison, there were _____ Valid Claims, according to the report of the Claim Administrator. This is an overwhelmingly positive response. *See Churchill Village, LLC v. General Electric,* 361 F.3d 566, 577 (9th Cir. 2004) (explaining that a court may infer appropriately that a class action settlement is fair, adequate, and reasonable when few class members object to it); *Zepeda v. PayPal, Inc.*, 2017 WL 1113293, at *16 (N.D. Cal. Mar. 24, 2017) (holding "the indisputably low number of objections and opt-outs, standing alone, presents a sufficient basis upon which a court may conclude that the reaction to settlement by the class has been favorable); *Cruz v. Sky Chefs, Inc.*, 2014 WL 7247065, at *5 (N.D. Cal. Dec. 19, 2014) ("A court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it."); *see also, e.g., In re Carrier IQ, Inc., Consumer Privacy Litig.*, 2016 WL 4474366, at *4 (N.D. Cal. Aug. 25, 2016) (stating that, "[i]n an analysis of settlements where notice relied on media notice exclusively, the claims rate ranged between 0.002% and 9.378%, ***with a median rate of 0.023%***") (emphasis added).

### 10. Costs of Administering the Settlement

The Claim Administrator has submitted an invoice for its expenses incurred to date and expected to be incurred through the completion of its work, in the amount of $_____. Included in this invoice is the amount for all taxes due. The Court finds that such amounts are reasonable.

### E. Attorneys' Fees and Expenses

Class Counsel requests an award of $787,500.00 in attorneys' fees and expenses. Defendants

12

do not oppose this request. *See, e.g., In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, 2017 WL 1047834, at *4 (N.D. Cal., Mar. 17, 2017 ("Volkswagen's agreement not to oppose the application does not evidence collusion and was not obtained by Class Counsel to Class Members' detriment.") The record is undisputed that the settlement negotiation was overseen by an experienced mediator and that the attorneys' fees and expenses requested do not diminish the amount of monetary relief available to Class Members. *See, e.g., G. F. v. Contra Costa Cty.*, 2015 WL 4606078, at *13 (N.D. Cal. July 30, 2015) (noting that "[t]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive").

Class Counsel are entitled to reimbursement of reasonable out-of-pocket expenses. Fed. R. Civ. P. 23(h); *see Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (holding that attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters.); *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) (approving reasonable costs in class action settlement). Costs compensable under Rule 23(h) include "nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).

Here, Class Counsel seeks reimbursement of $_____ in litigation expenses and provide records that document their claim. (Gutride Decl. Ex. __). No objection has been made to any cost item or amount. Accordingly, the Court finds that these submissions support an award $_____ in costs.

Class Counsel also seeks $_____ in attorneys' fees ($787,500.00 less costs awarded of $_____). Under Ninth Circuit standards, it is appropriate for a District Court to analyze an attorneys' fee request and issue an award either based on (1) the "lodestar" method or (2) by making an award as a percentage of the total benefit made available to the settlement class, including costs, fees, and injunctive relief. *See e.g., Bluetooth Headset Prods. Liability Litig.*, 654 F.3d 935, 941 (9th Cir. 2011); *Nwabueze v. AT&T, Inc.*, No. C 09-01529 SI, 2014 WL 324262, at *2-3 (N.D. Cal. Jan. 29, 2014); *Lopez v. Youngblood*, No. CV-F-07-0474 DLB, 2011 WL 10483569, at *11-12 (E.D. Cal. Sept. 2, 2011).  Plaintiff's fee request is reasonable under either of these approaches.

[PROPOSED] ORDER GRANTING MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Under the lodestar approach, "[t]he lodestar (or touchstone) is produced by multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate." *Lealao v. Beneficial California, Inc.*, 82 Cal. App. 4th 19, 26 (2000); *see also Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) ("[A] court calculates the lodestar figure by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate. A reasonable hourly rate is ordinarily the 'prevailing market rate [] in the relevant community.'") (alteration in original) (internal citation omitted) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010)). Once the court has fixed the lodestar, it may increase or decrease that amount by applying a positive or negative "multiplier to take into account a variety of other factors, including the quality of the representation, the novelty and complexity of the issues, the results obtained and the contingent risk presented." *Lealao*, 82 Cal. App. 4th at 26; *see also Serrano v. Priest*, 20 Cal. 3d 25, 48-49 (1977); *Ramos v. Countrywide Home Loans, Inc.* 82 Cal. App. 4th 615, 622 (2000); *Beasley v. Wells Fargo Bank*, 235 Cal. App. 3d 1407, 1418 (1991) (multipliers are used to compensate counsel for the risk of loss, and to encourage counsel to undertake actions that benefit the public interest).

Plaintiff's Counsel's lodestar through the date of this application is approximately $_____. (Gutride Decl. ¶ _____). This includes, without limitation, Plaintiff's Counsel's efforts in investigating and filing the complaint; case management; discovery, including written discovery requests, document review, and defending Plaintiff's deposition; negotiating the Settlement and preparing the necessary papers to have the settlement reviewed by this Court. (Gutride Decl. ¶¶ _____).

Plaintiff's Counsel calculated their lodestar using their regular billing rates, which for the attorneys involved range from $___ to $___ per hour. (Gutride Decl., ¶¶ __). "Affidavits of the plaintiff['s] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff['s] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). For attorneys and staff at the Gutride Safier firm, these hourly rates are equal to market rates in San Francisco for attorneys of Plaintiff's Counsel's

14

background and experience. (Gutride Decl., ¶¶ ___). Likewise, for attorneys and staff at the Migliaccio & Rathod firm, these hourly rates are equal to market rates in Washington D.C. for attorneys of Plaintiff's Counsel's background and experience. (____ Decl., ¶¶ ___). *See also In re Optical Disk Drive Prod. Antitrust Litig.,* 2016 WL 7364803, at *8 (N.D. Cal. Dec. 19, 2016) (approving hourly rates of $205 to $950); *Gutierrez v. Wells Fargo Bank, N.A.,* 2015 WL 2438274, at *5 (N.D. Cal. May 21, 2015) (approving hourly rates of $475 to $975).

Plaintiff's Counsel's current combined lodestar is $_____. Plaintiff's Counsel's requested $_____ fee thus includes a slight lodestar multiplier of ___. This small multiplier is well deserved and at the low end of what courts in this Circuit routinely award. *See, e.g., Vizcaino*, 290 F.3d at 1051 (granting a multiple of 3.65 and noting that multipliers of one to four are frequently awarded); *Noll v. eBay, Inc.*, 309 F.R.D. 593, 610 (N.D. Cal. 2015) (listing multipliers as high as 5.2 among "the range of acceptable lodestar multipliers"); *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 334 (N.D. Cal. 2014) ("A 2.83 multiplier falls within the Ninth Circuit's presumptively acceptable range of 1.0–4.0."); *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 298 (N.D. Cal. 1995) ("Multipliers in the 3–4 range are common in lodestar awards for lengthy and complex class action litigation.").

Multipliers are appropriate in contingent-fee class action cases like this one. That is because law firms that focus on contingent-fee class action cases do not get paid in every case. Frequently, they get nothing or are awarded fees equal to only a small percentage of the amount worked. Where a plaintiff's firm does succeed, therefore, a multiplier serves to compensate for the risks the firm regularly undertakes. This Court has discretion to apply a multiplier to account for various factors, including, *inter alia*, the contingent nature of the fee award (both from the point of view of eventual victory on the merits and the point of view of establishing eligibility for an award), the novelty and complexity of the questions involved, the value of class benefits obtained, the efficiency and skill displayed by class counsel, and the importance of other injunctive relief obtained. *See Serrano III*, 20 Cal. 3d at 49; *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001); *City of Oakland*, 203 Cal. App. 3d at 78; *Downey Cares v. Downey Community Dev. Comm'n*, 196 Cal. App. 3d 983 (1987), 995

15

n11; *see also Maria P. v. Riles*, 43 Cal. 3d 1281, 1294 n8 (1987); *Press v. Lucky Stores, Inc.*, 34 Cal. 3d 311, (1983), 322; *Serrano v. Unruh* ("*Serrano IV*"), 32 Cal.3d 621, 625 n6 (1982). Each of these factors exists here. Here, Plaintiff's Counsel reached an excellent settlement securing both the Extended Warranty and monetary benefits to all Class Members before class certification and thus should be rewarded for its efficiency (and the concomitant savings to the judicial system).

Whether as a cross-check or as an independent methodology, the Court can utilize the percentage-of-recovery method to verify that Plaintiff's attorneys' fee request is reasonable. *See e.g., Nwabueze*, 2014 WL 324262, at *2-3. If "classwide benefits are not easily monetized, a cross-check is entirely discretionary," and the district court may make its award based entirely on the lodestar. *Yamada*, 825 F.3d at 547–48 (explaining that *Bluetooth* stated that courts are "encouraged" but not required to cross-check a lodestar award).

Here, the value of the monetary portion of the Settlement Benefits made available to the Settlement Class is between $1.36 million and $5.20 million. (___ Decl., ¶ ___.) In addition, Plaintiff estimates that the value of the injunctive relief portion of the Settlement, e.g., the Extended Warranty, is up to $6.77 million. (___ Decl., ¶ ___.)  Thus, the requested fee of $[  ] is only _____% of the total settlement value estimated at between $8.13 million and $11.97 million. And even examining solely the potential monetary relief made available to the Class of $5.20 million, the requested fee still comes in well below the benchmark, at [  ]%. It is entirely appropriate to award the requested fess where, as here, Plaintiff's Counsel is seeking fees well below the 25% benchmark, no matter how it is calculated. *See Six Mexican Workers v. Arizona Citrus Workers,* 904 F.2d 1301, 1311 (9th Cir. 1990); *see also Glass*, 2007 WL 221862, at *14 ("The Ninth Circuit has repeatedly held that 25% of the gross settlement amount is the benchmark for attorneys' fees awarded under the percentage method . . .").

The Court finds that the hours Class Counsel claimed were reasonably worked and that the rates charged are reasonable and commensurate with those charged by attorneys with similar experience who appear in this Court, and that the slight multiplier is warranted. The Court also finds that Plaintiff's counsel represented their clients with skill and diligence and obtained an excellent

16

result for the class, taking into account the possible outcomes at, and risks of proceeding to, trial. Accordingly, the following amount shall be paid to Class Counsel by Defendants as attorneys' fees and expenses pursuant to the terms of the Settlement Agreement: $787,500.00.

## G.   Class Representative Incentive Award

The district court must evaluate named plaintiffs' awards individually, using relevant factors including "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). "Such awards are discretionary . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958-959 (9th Cir. 2009). The Ninth Circuit recently emphasized that district courts must "scrutiniz[e] all incentive awards to determine whether they destroy the adequacy of the class representatives." *Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1163 (9th Cir. 2013). Here Plaintiff is seeking an Incentive Award of $5,000.

Plaintiff took on substantial risk, most importantly the risk of bearing Defendants' costs. (Gutride Decl., ¶ __.) Plaintiff also worked with Class Counsel to provide information throughout the litigation and appeared for deposition. (Id. ¶ __.) And Plaintiff remained actively involved in the litigation after the Settlement was reached. (Id., ¶ __.)

Accordingly, the Court approves an Incentive Award of $5,000 to Plaintiff.

## H.   Compliance with Class Action Fairness Act

The record establishes that the Claim Administrator served the required notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, with the documentation required by 28 U.S.C. § 1715(b)(1-8).

## I.   Releases and Effect of This Order

### 1.   Releases by Plaintiff

By operation of this Order and Judgment, and pursuant to Exhibit E of the Settlement

17

Agreement, Plaintiff Carlotti releases and forever discharges the Released Parties from any and all injuries, demands, losses, damages, costs, loss of service, expenses, compensation, claims, suits, causes of action, obligations, rights, liens, and liabilities of any nature, type, or description, whether known or unknown, contingent or vested, in law or in equity, based on direct or vicarious liability, and regardless of legal theory, which Carlotti has, may now have, or has ever had, against the Released Parties, or any of them, that: (a) relate to, are based on, concern, or arise out of the Allegations; (b) were asserted or could have been asserted (whether individually or on a class-wide basis) in the Litigation or any other action or proceeding relating to the Power Defect and/or Overheating Issue and/or the labeling, marketing, advertising, sale, or servicing of the Laptops that was brought or could have been brought on or prior to the date hereof including, but not limited to, claims that Defendants engaged in unfair and/or deceptive business practices and/or violated applicable consumer protection statutes or other common laws or statutes of all fifty (50) states and the United States; (c) are for breach of contract and breach of the covenant of good faith and fair dealing; (d) are for breach of express warranty and breach of implied warranty; and/or, without limiting the foregoing, (e) are based, in any way, on which the facts and claims asserted in the Litigation. Carlotti shall not release his right to enforce the Agreement.

**2.     Releases by Settlement Class Members**

By operation of this Order and Judgment, Settlement Class Members shall have unconditionally, completely, and irrevocably released and discharged the Released Parties from any and all injuries, demands, losses, damages, costs, loss of service, expenses, compensation, claims, suits, causes of action, obligations, rights, liens, and liabilities of any nature, type, or description, whether known or unknown, contingent or vested, in law or in equity, based on direct or vicarious liability, and regardless of legal theory, that: (a) relate to, are based on, concern, or arise out of the Allegations; (b) were asserted or could have been asserted (whether individually or on a class-wide basis) in the Litigation or any other action or proceeding relating to the Power Defect and/or Overheating Issue and/or the labeling, marketing, advertising, sale, or servicing of the Laptops arising out of relating in any way to the Allegations that were brought or could have been brought

18

on or prior to the date hereof including, but not limited to, claims that Defendants engaged in unfair and/or deceptive business practices and/or violated applicable consumer protection statutes or other common laws or statutes of all fifty (50) states and the United States; (c) for breach of contract and breach of the covenant of good faith and fair dealing arising out of relating in any way to the Allegations; (d) for breach of express warranty and breach of implied warranty arising out of relating in any way to the Allegations; and/or, without limiting the foregoing, (e) are based upon and depend upon, in any way, the facts and claims asserted in the Litigation. Settlement Class Members shall not release any claims for personal injury allegedly arising out of use of the Laptops or rights to enforce the Settlement.

**3.    Waiver of Provisions of California Civil Code § 1542**

By operation of this Order and Judgment, with respect to the released claims set forth above, Plaintiff, Defendants, and Settlement Class Members shall be deemed to have waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits conferred by any law of any state of the United States, or principle of common law or otherwise, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiff, Defendants and Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases.

**4.    Other Effects of This Order**

No action taken by the Parties, either previously or in connection with the negotiations or proceedings connected with the Settlement Agreement, shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made or an acknowledgment

19

or admission by any Party of any fault, liability or wrongdoing of any kind whatsoever to any other Party. Neither the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim made by the Class Members or Class Counsel, or of any wrongdoing or liability of the persons or entities released under this Order and Judgment and the Settlement Agreement, or (b) is or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the persons or entities released under this Order and Judgment and the Settlement Agreement, in any proceeding in any court, administrative agency, or other tribunal. Defendants' agreement not to oppose the entry of this Order and Judgment shall not be construed as an admission or concession by Defendants that class certification was appropriate in the Litigation or would be appropriate in any other action.

Except as provided in this Order, Plaintiff shall take nothing against Defendants by his Complaint. This Order shall constitute a final judgment binding the Parties and Settlement Class Members with respect to this Litigation.

The Litigation is hereby dismissed on the merits and with prejudice and final judgment shall be entered thereon, as set forth in this Order.

Without affecting the finality of the judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement Agreement. In the event the Effective Date does not occur in accordance with the terms of the Settlement Agreement, then this Order and any judgment entered thereon shall be rendered null and void and shall be vacated, and in such event, all orders and judgments entered and releases delivered in connection herewith shall be null and void and the Parties shall be returned to their respective positions ex ante.

Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement Agreement.

There is no just reason for delay in the entry of this Judgment, and immediate entry by the Clerk of the Court is expressly directed.

[PROPOSED] ORDER GRANTING MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Dated: _____ _____, 2019

_____
Hon. Donna M. Ryu
 U.S. Magistrate Judge

21

## GENERAL RELEASE OF ALL CLAIMS
## BY
## PLAINTIFF JOSEPH CARLOTTI

1.      All capitalized terms not otherwise defined in this General Release shall have the same meaning ascribed to them in the Class Action Settlement Agreement ("Agreement").

2.      In consideration of the payment of any Incentive Award approved by the Court, which sum shall not exceed Five Thousand Dollars ($5,000.00), Plaintiff Joseph Carlotti ("Carlotti"), on his own behalf and on behalf of his heirs, executors, administrators, legal representatives, successors, and assigns, hereby completely releases and forever discharges ASUS Computer International and ASUSTeK Computer Inc., and each of their respective current and former parent companies, subsidiaries, divisions, and current and former affiliated individuals and entities, legal successors, predecessors (including companies they have acquired, purchased, or absorbed), assigns, joint ventures, and each and all of their respective officers, partners, directors, owners, stockholders, servants, agents, shareholders, members, managers, principals, investment advisors, consultants, employees, representatives, attorneys, accountants, lenders, underwriters, benefits administrators, investors, funds, and insurers, past, present and future, and all persons acting under, by, through, or in concert with any of them (collectively, the "Released Parties"), from any and all injuries, demands, losses, damages, costs, loss of service, expenses, compensation, claims, suits, causes of action, obligations, rights, liens, and liabilities of any nature, type, or description, whether known or unknown, contingent or vested, in law or in equity, based on direct or vicarious liability, and regardless of legal theory, which Carlotti has, may now have, or has ever had, against the Released Parties, or any of them, that: (a) relate to, are based on, concern, or arise out of the Allegations; (b) were asserted or could have been asserted (whether individually or on a class-wide basis)

in the Litigation or any other action or proceeding relating to the Power Defect and/or

Overheating Issue and/or the labeling, marketing, advertising, sale, or servicing of the Laptops

that was brought or could have been brought on or prior to the date hereof including, but not

limited to, claims that Defendants engaged in unfair and/or deceptive business practices and/or

violated applicable consumer protection statutes or other common laws or statutes of all fifty

(50) states and the United States; (c) are for breach of contract and breach of the covenant of

good faith and fair dealing; (d) are for breach of express warranty and breach of implied

warranty; and/or, without limiting the foregoing, (e) are based, in any way, on which the facts

and claims asserted in the Litigation (collectively, the "Released Claims"). The Released

Claims shall not release Carlotti's right to enforce the Agreement, of which this General

Release is a material part.  The General Release shall be accorded the broadest  preclusive

scope and effect permitted by law against Carlotti and this definition of Released Claims is a

material term of this General Release and the Agreement.

2.      Waiver of Unknown Claims.  Carlotti has read Section 1542 of the Civil Code of

the State of California, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT
> THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR
> SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR
> HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER
> SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Carlotti hereby voluntarily waives the rights described in Section 1542 and elects to assume all

risks for claims that now exist in his favor, whether known or unknown, against the Released

Parties.  Accordingly, this General Release includes within its effect claims and causes of action

which Carlotti does not know or suspect to exist in his favor at the time of his execution hereof

concerning the Released Claims.

**EXHIBIT E**

3.      Carlotti warrants and represents that he is the sole and lawful owner of all rights, title, and interest in and to all of the claims described above and that he has not heretofore voluntarily, by operation of law or otherwise, sold, assigned, or transferred or purported to sell, assign, or transfer to any other person or entity such claims or any part or portion thereof.

4.      Carlotti agrees that he alone is responsible for the tax consequences, including any penalties or interest, relating to the payment of any Incentive Award.

5.      Carlotti and the Released Parties expressly agree that any and all force and effectiveness of this General Release is entirely contingent upon final approval of the Agreement. If the Agreement does not become final for any reason, then this General Release shall be null and void *ab initio*.  Neither a modification of nor a reversal on appeal of any Incentive Award shall constitute grounds for cancellation or termination of this General Release, however.

Dated: Jul 8, 2019 , 2019

JOSEPH CARLOTTI


Signature: *Joseph Hiroki Carlotti*
Joseph Hiroki Carlotti (Jul 8, 2019)

Email: carlottij@gmail.com